## REPUBLIC SUPPLY CO. et al. v. BURNETT et al.

No. 23400.   Opinion Filed March 7, 1933.

Miley, Hoffman, Williams & France and Roy V. Lewis, for petitioners.

T. G. Drake and M. J. Parmenter, for respondent Watkins Drilling Company.

Hayson & Lukenbill, for respondent B. H. Burnett.

ANDREWS, J. This is an original proceeding by the Republic Supply Company and the Globe Indemnity Company, its insurance carrier, to review an award made by the State Industrial Commission in favor of B. H. Burnett against the Republic Supply Company. The Watkins Drilling Company was joined as a respondent for the reason that it was a party before the State Industrial Commission. The petitioners herein contend that if any award should have been made in favor of the claimant, it should have been against the Watkins

Drilling Company and not against the Republic Supply Company.

The record shows that the Republic Supply Company owned a warehouse at Maud, Okla.; that it had discontinued its branch at Maud; that that warehouse was substantially empty; that the Republic Supply Company permitted the Watkins Drilling Company to store machinery in the warehouse, without charge and as a favor to a customer; that while the warehouse was being used by the Watkins Drilling Company as a store house for its machinery, the Republic Supply Company sold the warehouse; that thereafter it notified the Watkins Drilling Company to remove the machinery from the warehouse; that the Watkins Drilling Company requested the Republic Supply Company to procure someone to remove the machinery for it to another warehouse; that that request was made to an agent of the Republic Supply Company at Seminole, Okla.; that the claimant, Burnett, operated a dray business, but not a storage business, under a trade name; that the agent of the Republic Supply Company talked with the claimant about the removal of the property from the warehouse at Maud; that the claimant was to be paid $3 per hour for the removal thereof; that the claimant was to furnish the truck or other necessary conveyance and do the work for $3 per hour; that the claimant undertook the work, furnished a truck, hired an assistant to help, and proceeded with the work; that his actions were without the direction or control of anyone; that while he was engaged in the work, he was injured by the truck turning over; that he caused the Watkins Drilling Company to be billed for the work; that that company paid him therefor; that he filed with the State Industrial Commission a claim for compensation against that company; that he amended his claim to include the Republic Supply Company; that an award was made against the Republic Supply Company, and that the Republic Supply Company and its insurance carrier commenced this action to review that award.

The petitioners contend, as a basis for their claim, that the award should be vacated, that the claimant was not an employee of the Republic Supply Company; that there was no contractual relationship between the Republic Supply Company and the claimant; that, if there was any contractual relationship between the Republic Supply Company and the claimant, the claimant was an independent contractor, and

that the claimant was not engaged in a compensable occupation at the time he received the injury complained of.

We think it necessary to determine only the last contention. The claimant, in his brief, contends that he was engaged in a hazardous employment at the time he sustained the injury. While the employment may have been hazardous, it was not hazardous within the provisions of sections 13349 and 13350, O. S. 1931.

The claimant contends that the Republic Supply Company was engaged in a storage business. We do not agree with that contention. But even though the Republic Supply Company was engaged in a storage business, that business is not within the provisions of the act. Followwill et al. v. Marshall et al., 153 Okla. 120, 5 P. (2d) 149.

The award of the State Industrial Commission is vacated and the cause is remanded, with directions to dismiss the claim against the Republic Supply Company and its insurance carrier, the Globe Indemnity Company.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and BUSBY, J., absent.