**LEE EVANS OIL & GAS COMPANY, a**
corporation, Petitioner,

v.

**SUPERIOR COURT OF SEMINOLE COUN-**
TY, State of Oklahoma, and Honorable
Bob Aubrey, Judge of said Court, Respond-
ents.

No. 38707.

Supreme Court of Oklahoma.

May 26, 1959.

Rehearing Denied Sept. 29, 1959.

Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, William Bishop, Seminole, for petitioner.

James E. Driscoll, Charles E. Grounds, Seminole, for respondents.

HALLEY, Justice.

This is an original proceeding for a writ prohibiting the respondent from further exercising jurisdiction in Case No. 8852, pending in the Superior Court of Seminole County, wherein Emerson U. Sims, guardian of Edward Lee Johnson, incompetent, is plaintiff and the Oklahoma Gas and Electric Company, a corporation, and Lee Evans Oil and Gas Company are defendants. The Lee Evans Oil and Gas Company is the petitioner in the proceeding in this Court. The petitioner Lee Evans Oil and Gas Company, a corporation, is duly organized and existing under the laws of the State of Oregon and the respondent Honorable Bob Aubrey is the duly elected, qualified and acting Judge of the Superior Court of Seminole County, Oklahoma. The action in the Superior Court of Seminole County was originally filed by Edward Lee Johnson in his own behalf against the Oklahoma Gas and Electric Company on the 17th day of June, 1958, and on the 19th day of September, 1958, said Edward Lee Johnson filed an amended and supplemental petition in Case No. 8852, in which he made the Lee Evans Oil and Gas Company a party defendant. On the 21st of October, 1958, Emerson U. Sims, as guardian of Edward Lee Johnson, an alleged incompetent, filed what was designated a second amended and supplemental petition. On the 18th of December, 1958, petitioner herein filed in said cause in the Superior Court of Seminole County a separate plea to jurisdiction, motion to make more definite and certain and to strike, and a separate demurrer to the amended and supplemental petition and to the second amended and supplemental petition. Depositions were taken in said cause and on the 16th of April, 1959, the Honorable Bob Aubrey, Judge of the Superior Court of Seminole County overruled the plea to jurisdiction filed by the petitioner herein and ordered petitioner to file its answer.

The petitioner herein claims that the Judge of the Superior Court of Seminole County by his order overruling the petitioner's plea to the jurisdiction and requiring petitioner to file its answer in said cause has exceeded the jurisdiction of said court and assumes to exercise judicial power and authority not granted by law and is attempting to make an unauthorized application of judicial force and is without jurisdiction as to this petitioner as a defendant in Cause No. 8852 on the docket of the Superior Court of Seminole County, Oklahoma.

It appears from the allegations in this case that Edward Lee Johnson was employed by the W. M. (Bill) Cook Well Servicing Company; that the well servicing company was hired by the petitioner to clean out an oil well on a lease owned by it; that on the 8th day of May, 1958, while in the general employ of the well servicing company, Edward Lee Johnson was injured. The well servicing company had completed its work on the well on the particular lease in question, the Weldon Lease, and was moving off the lease premises. There was a gate leading into the lease at which place there was a cattle guard. This cattle guard had filled up with dirt and it was not effective as a cattle guard, so the petitioner herein had requested the well servicing company to clean out the dirt that had accumulated underneath the cattle guard. Bill Cook of the servicing company had promised to do this job several times and undertook it when he was leaving the premises.

Petitioner contends that the W. M. (Bill) Cook Well Servicing Company was primarily liable under the Workmen's Compensation Laws of this State and that the petitioner was secondarily liable to Johnson in case the well servicing company did not have him covered with Workmen's Compensation Insurance.

Edward Lee Johnson, through his guardian, contends that the relationship between the petitioner and his immediate employer, the W. M. (Bill) Cook Well Servicing Company had ceased and he further contends that the cleaning out of the cattle guard had nothing to do with the production of oil and gas for which job the well servicing company had been hired.

The evidence offered by depositions showed that this cattle guard was the only entrance to the well of the petitioner and that it was a great convenience to persons who had work to do at the well because it made it unnecessary for persons in motor vehicles to get out of their cars to open the gate which the cattle guard took the place of. Its need was not dependent upon the fact that cattle would be retained for were it not for persons going back and forth to the well a fence or gate would answer all purposes.

To us it is clear that Edward Lee Johnson was employee of the well servicing company which was under contract with the petitioner to perform certain work on this oil lease and that the cleaning out of the cattle guard was an essential part and incident to the production of oil and gas in that through it the employees of the oil company and other persons having business at the well could reach it.

We think that under 85 O.S.Supp. 1957 § 11, contingent liability was imposed upon the petitioner herein as the principal employer under the conditions therein stated and the petitioner having complied with Section 11, supra, is protected from tort liability under the provisions of 85 O.S.1951 § 12.

Our decisions in Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335,

193 P.2d 586 and Jordon v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408, are controlling in this case and the right for the writ of prohibition in a case of this kind is upheld in our decision in Deep Rock Oil Corp. v. Howell, 200 Okl. 675, 204 P.2d 282.

The respondent relies on Londagin v. McDuff, 207 Okl. 594, 251 P.2d 496. The distinction in that case and the one at bar is that in the present case the plaintiff was definitely shown to be engaged in a hazardous employment, while in the Londagin case such a showing was not made. Further in that case it was not alleged that the Hunsaker Trucking Company was employed by the defendant to haul material to his yard, but in the case at bar there is no question but that Johnson was employed to work for the well servicing company.

In view of the pleadings and the depositions presented to the trial court, we are of the opinion that the petitioner is entitled to relief in this case.

Writ granted.