Freddie F. DUNN, Plaintiff in Error,

v.

PUBLIC SERVICE COMPANY OF OKLA-HOMA, Defendant in Error.

No. 43286.

Supreme Court of Oklahoma.

July 20, 1971.

Robert P. Kelly, Bruce W. Gambill, Pawhuska, for plaintiff in error.

Robert L. Lawrence, Floyd L. Walker, George A. Farrar, and Walker, Iverson & Farrar, Tulsa, for defendant in error.

DAVISON, Vice Chief Justice.

The plaintiff Freddie F. Dunn filed his action in tort against the defendant Public Service Company of Oklahoma, a domestic corporation, wherein plaintiff prayed for a sizeable amount in damages for personal injuries allegedly resulting from the negligent acts of defendant.

The trial court sustained defendant's motion for summary judgment and the plaintiff has appealed.

The facts are not in dispute. The interpretation of the facts is the determinative question.

The facts are as follows:

1. The defendant is a public utility company; that it owns electric supply lines within the State; that it generates electricity for sale to its customers; that it repairs and maintains the electric lines owned by it.

2. That the injuries described in plaintiff's petition arose out of and in the course of and within the scope of plaintiff's hazardous employment by L. E. Myers Company.

3. That L. E. Myers was an independent contractor of defendant. The work to be performed was the necessary relocation of existing electric power lines to make way for the construction of Crosstown Expressway in Tulsa, Oklahoma. L. E. Myers had provided a Workmen's Compensation policy covering plaintiff and other workmen employed on the project.

4. That plaintiff's employer L. E. Myers Company was engaged by defendant to move and relocate the electric supply lines; that it was in the course of moving and relocating such lines that plaintiff sustained the injuries described in his petition, allegedly caused by the negligence of defendant.

5. The defendant and L. E. Myers Company were both engaged in a hazardous em-

ployment and subject to the Workmen's Compensation Act.

The trial court held as a matter of law that the work which plaintiff was doing was an integral part of, necessarily connected with, and incident to the business of defendant and that defendant was a principal employer under 85 O.S.1961, §§ 11 and 12, where its only liability was contingent liability under the Workmen's Compensation Statutes and not as a third party tort feasor. The trial court predicated its decision on application of Burk v. Cities Service Oil Co., 10 Cir., 266 F.2d 433, and Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586.

We are of the opinion that the reasoning set forth in *Burk* and *Mid-Continent Pipe Line Co.*, supra, is decisive of the issues presently presented.

The sole issue to be determined is whether under the facts defendant was a principal employer under the meaning of Title 85 O.S.1961, §§ 11, 12 and 44 (Workmen's Compensation Act) and not liable to an employee of its contractor, L. E. Myers, in a suit at common law, or whether defendant was a third party and subject to such a suit.

■ The above cases stand for the rule that liability for negligence of the principal employer under the terms of the Workmen's Compensation Act of this State providing compensation for injuries to an employee of an independent contractor performing hazardous work in the course of his employment which was necessarily connected with, and an integral part of the business of the principal employer, is exclusive and such employee is without right to maintain action in tort against the principal employer on account of such injuries. (85 O.S. 1961, §§ 11, 12 and 44). Also additional cases reaching the same result see Jordan v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408; Baldwin v. Big X Drilling Co., Okl., 322 P.2d 647; Sumptner v. Lawton Cooperative Association, Okl., 384 P.2d 908.

Plaintiff relies on such cases as Aycox v. Pepsi Cola Bottling Company, Okl., 331 P.2d 367; Standard Savings & Loan Association v. Whitney, 184 Okl. 190, 86 P.2d 298; Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475, and some cases from other jurisdictions where statutes are not the same as Oklahoma statutes. Under these cases plaintiff argues that under the facts presented herein that the relocation of existing power lines is ancillary and has only casual relationship to defendant's principal business of manufacturing and distributing electric energy.

The principal and determinable question as to whether the defendant may be sued in a common law action is whether the principal employer is secondarily liable under § 11 of the Act. If the defendant is secondarily liable the Workmen's Compensation Act is plaintiff's only remedy. *Mid-Continent Pipe Line Co.* and *Burk*, supra.

■ The final question is whether the work being performed by the direct employer was an integral part of defendant's business; and whether plaintiff was injured in the course of his hazardous employment.

We are of the opinion and hold that the business of the defendant is to provide electric energy to its various customers and in order to do so it must have facilities to provide such energy and that the necessary relocation of this supply line by an independent contractor, and the work performed, was an integral part of defendant's business. Surely under the facts defendant was secondarily liable.

Judgment affirmed.

All Justices concur.