554 F.2d 1361
 Judy HUFFMAN, Individually and as mother and next friend of
William H. Sowders and Donald W. Sowders, minors,
Plaintiffs-Appellants,
v.
MOBIL OIL CORPORATION, Defendant-Third-Party Plaintiff-Appellee,
v.
RAY GEOPHYSICAL DIVISION, MANDREL INDUSTRIES, INC.,
Third-Party Defendant-Appellee.
 No. 75-2788.
 United States Court of Appeals,
Fifth Circuit.
 July 1, 1977.
 
 Windle Turley, R. Edward Pfiester, Jr., Dallas, Tex., Lynn E. Ables, Madill, Okl., for plaintiffs-appellants.
 John H. Hall, Royal H. Brin, Jr., Dallas, Tex., for Mobil Oil.
 Gerald W. Benson, Jack Pew, Jr., Dallas, Tex., for Ray Geo., etc.
 Appeal from the United States District Court for the Northern District of Texas.
 Before MORGAN and RONEY, Circuit Judges, and KING*, District Judge.
 RONEY, Circuit Judge:
 
 
 1
 Plaintiffs brought this third-party, common-law negligence action against Mobil Oil Corporation for the death of Donald W. Sowders, an employee of Ray Geophysical, an independent contractor engaged in oil exploration activities for defendant. Oklahoma law governs this diversity case. Prior to bringing this suit, plaintiffs had recovered workmen's compensation benefits from Ray in the Oklahoma State Industrial Court. The sole question presented for review is whether under Oklahoma law the defendant, as principal employer[1] of the decedent, was secondarily liable for workmen's compensation benefits so as to render it immune from suit for the alleged negligence of one of its employees. Based on its independent finding that the decedent was covered by the Workmen's Compensation Act, and that Mobil was secondarily liable for benefits payable thereunder, the district court held that plaintiffs were not entitled to a tort recovery. We affirm.
 
 
 2
 The facts of this case are essentially undisputed. On March 15, 1971, Mobil and Ray Geophysical entered into a "Basic Agreement for Ray Geophysical Services" under which Ray was to perform seismographic surveys of underground formations in an effort to locate petroleum for Mobil. The geophysical surveys were conducted by measuring on a recording device the vibrations produced from an energy source. Pursuant to the terms of the contract, Ray had been using either a vibrator or dynamite as its energy source. Several days prior to the accident resulting in Sowders' death, Mobil decided a different energy source called a thumper should be used. An auxiliary pickup containing specialized equipment was required to operate the thumper. Earl Brown, a Mobil supervisor, asked Ray for an employee to drive the auxiliary pickup from Chickasha, Oklahoma, where the thumper and its equipment were located, to McAlester, Oklahoma, where the seismographic work was being performed. Sowders was sent by Ray for this purpose. In order to transport Sowders to Chickasha, Brown leased a private plane, which he had previously been told was against Mobil policy. With Brown piloting, the plane collided with some electric wires, crashed, and both Brown and Sowders were killed.
 
 
 3
 In this common-law negligence suit brought by Sowders' widow and children against Brown's employer, Mobil asserts immunity from suit based on its secondary liability for the death benefits paid to plaintiffs by Ray Geophysical under the Oklahoma Workmen's Compensation Act in the State Industrial Court.[2]
 
 
 4
 The Oklahoma Workmen's Compensation Act makes an independent contractor liable for compensation benefits due direct employees, but then holds the principal employer liable if he has failed to require the independent contractor to comply with the Act.[3] Compensation is exclusive of all other common-law liabilities of the employer and any of his employees.[4] These provisions have been construed by the Oklahoma Supreme Court to provide immunity from common-law liability not only to the independent contractor but also to the principal employer if the independent contractor has complied with the Workmen's Compensation Act, and the injured employee has recovered benefits thereunder. See, e. g., Skelly Oil Co. v. District Court, 401 P.2d 526 (Okl.1964); Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475 (1952); Jordon v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408 (1948); Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586 (1948). See also Burk v. Cities Service Oil Co., 266 F.2d 433 (10th Cir. 1959) (applying Oklahoma law). Before an employer of an independent contractor may invoke the protections of these provisions in a common-law suit, however, he must qualify as a principal employer secondarily liable for workmen's compensation benefits paid or payable to the employee. The courts have held that this requires the employment in which the employee was engaged to be an "integral and necessary" part of the principal employer's business. Dunn v. Public Service Co. of Okl., 487 P.2d 711 (Okl.1971); Aycox v. Pepsi Cola Bottling Co., 331 P.2d 367 (Okl.1958); Amerada Petroleum Corp. v. Vaughan, 200 Okl. 226, 192 P.2d 639 (1948).
 
 
 5
 Unlike many other state compensation statutes, the Oklahoma Act limits coverage to specifically enumerated "hazardous employments."[5]
 
 
 6
 Mobil's immunity turns on two issues: (1) whether Sowders was engaged in "hazardous" employment within the meaning of Okla.Stat. tit. 85, §§ 2, 3 (1970) so as to be covered by the Workmen's Compensation Act; and (2) whether his employment was an "integral and necessary" part of Mobil's business. Basically, the parties disagree on how broadly these tests should be applied to the facts of the instant case.
 
 
 7
 To determine whether the decedent was engaged in a hazardous employment, plaintiffs assert the focus should be on decedent's specific activity at the time of the accident. Plaintiffs do not contend that his general occupation as an employee of a geophysical survey company was not hazardous. They argue, however, that under the Workmen's Compensation Act his act of flying as a passenger in the airplane at the time of the accident must be considered separate from his usual work. They cite several Oklahoma cases in which travel by automobile on company business was held not to be a "hazardous" activity, see, e. g., Hieronimus v. Phillips Petroleum Co., 460 P.2d 944 (Okl.1969); In re Foree, 289 P.2d 649 (Okl.1955), and an airplane crash case in which a commercial pilot was held not to be engaged in a "hazardous" occupation, Marr v. American Flyers Airline Corp., 443 P.2d 961 (Okl.1968). Defendant, on the other hand, asserts that the proper focus is on the nature of the decedent's employment, rather than on the isolated activity in which he was engaged at the time of the accident.
 
 
 8
 An examination of the Oklahoma case law supports the test advocated by defendant. In Updike Advertising System, Inc. v. State Industrial Commission, 282 P.2d 759 (Okl.1955), the Oklahoma Supreme Court stated "it is the nature of the employment in which the employee is engaged, rather than the specific act which he may be performing at the time of the injury, which determines his right or lack of right to compensation under the Workmen's Compensation Act. Pawnee Ice Cream Co. v. Price, 164 Okl. 120, 23 P.2d 168; Sheffield Steel Corp. v. Barton, 183 Okl. 624, 84 P.2d 17." See also Dunn v. Public Service Co. of Okla., 487 P.2d 711 (Okl.1971).
 
 
 9
 In the instant case, the decedent was employed by a geophysical survey company to perform primarily manual labor as a helper in the field. The statute itself includes within the definition of hazardous employment "mines, wells, gas works, gasoline plants, oil refineries and allied plants and works." Okla.Stat. tit. 85, § 2 (1970). Sowders was acting within the scope of his employment in flying to Chickasha with Brown at Ray's direction. The district court's finding that the decedent was engaged in hazardous employment within the meaning of the Workmen's Compensation Act is correct.[6]
 
 
 10
 The principal cases cited by plaintiffs are distinguishable on their facts. In In re Foree, 289 P.2d 649 (Okl.1955), the Oklahoma Supreme Court denied recovery of benefits to an employee-manager who was injured while driving a car on company business, because the nature of his employment was essentially clerical or professional, rather than manual or mechanical. The court examined the entire scope of the employment, not just the act in which he was engaged at the time of the injury. In Hieronimus v. Phillips Petroleum Co., 460 P.2d 944 (Okl.1969), the court affirmed the State Industrial Court's denial of compensation to a supervisor of gasoline operations and plants, who was injured while driving to inspect a plant. The court emphasized that at no time had he been directed to perform manual labor. Although the court states that the test is not what the employee did on other occasions, but what he was doing at the time of the injury, the facts indicate that the court looked to the general nature of his employment in determining whether the supervisor was covered by the Workmen's Compensation Act. Marr v. American Flyers Airline Corp., 443 P.2d 961 (Okl.1968), stands only for the proposition that a commercial pilot flying an aircraft is not encompassed within the phrase "motor vehicles operating as motor carriers for the transportation of passengers or property for compensation," which phrase the Oklahoma Workmen's Compensation Act specifically defines to be a hazardous employment. In that case, the court cited a prior decision, Sowinski v. State Industrial Commission, 197 Okl. 240, 169 P.2d 752 (1945), which upheld a compensation award to an employee injured while flying an airplane in connection with his duties as an instructor of student pilots. In that case, however, his employer was an aircraft manufacturer, and the employee's work as an instructor was incident to and an integral part of such business or industry, which was specifically defined as "hazardous" by the Act. Cf. Republic Supply Co. v. Burnett, 162 Okl. 164, 19 P.2d 1067 (1933) (even if claimant were considered an employee of defendant storage company, he would not be entitled to workmen's compensation, since defendant was engaged in the storage business which is not covered by the Act's provision requiring "transfer and storage"); Adams Union Truck Terminal v. Keeshen, 165 Okl. 151, 25 P.2d 624 (1933) (truck driver for company engaged in collecting and distributing freight to carriers held not to be engaged in "hazardous employment" because Act requires both "transfer and storage"); Powell v. Western Union Telegraph Co., 270 P.2d 314 (Okl.1954) (employee of telegraph company who delivers telegrams was not engaged in hazardous employment as defined by sections 2 and 3 of the Act).
 
 
 11
 The second issue is whether Sowders' employment was an "integral and necessary" part of Mobil's business. Plaintiffs argue that, in applying the integral and necessary test, this Court should focus only on the specific activity that precipitated the injury. Defendant contends that we should examine the work being performed by the independent contractor Ray for Mobil and the entire scope of Sowders' activities. Once again, the decisions of the Oklahoma Supreme Court support the test advocated by defendant.
 
 
 12
 In Creighton v. District Court, 359 P.2d 581 (Okl.1961), the court held the principal employer, an oil well drilling company, secondarily liable for compensation benefits paid to an employee injured when attempting to adjust the load on a truck used by his direct employer to move a drilling rig to a new location. The court rejected plaintiff's argument that trucking was not an integral part of the drilling business by looking beyond the immediate act causing the injury to the overall activity of moving from one drilling location to another, which it held to be an essential part of, and incident to, the drilling business. In Dunn v. Public Service Co. of Okla., 487 P.2d 711 (Okl.1971), the court stated that, in determining the question of a principal employer's immunity from tort liability, the issue is whether the work being performed by the direct employer was an integral part of the defendant-principal employer's business. Accord, Burk v. Cities Service Oil Co., 266 F.2d 433 (10th Cir. 1959). The court found the direct employer's activities in relocating the existing power lines to make way for the construction of a highway to be an integral part of the principal employer's business of providing electricity to its customers. The same test was applied in the state Supreme Court's most recent decision on this issue, Sun Oil Co. v. Martin, 541 P.2d 841 (Okl.1975), which held the direct employer's transportation of oil for the principal employer to be an integral part of the oil producer's business. See Amerada Petroleum Corp. v. Vaughan, 200 Okl. 226, 192 P.2d 639 (1948) (employee of independent contractor hired to paint small dwelling house belonging to principal employer was not engaged in activity "necessarily connected with, incident to, nor an integral part of" principal employer's business of drilling wells and producing oil). But see Aycox v. Pepsi Cola Bottling Co., 331 P.2d 367 (Okl.1958) (trucking company's activities in hauling equipment for bottling company not an integral part of bottling company's business); Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475 (1952) (employee of motor freight company, who had been sent by his employer to pick up some metal sheets from an equipment company, was not barred from bringing negligence suit against equipment company "for the reason that the service performed by the motor freight company and its employee was not such as would constitute them a part of the business, trade, or occupation in which the equipment company was engaged"); Green v. Cherokee Pipe Line Co., 261 F.Supp. 118 (N.D.Okl.1966) (trucker's activities in loading and transporting "pipe dope" were not an integral part of principal employer's work or business in pipe line construction).
 
 
 13
 Two cases noteworthy because their facts exemplify how broadly the Oklahoma courts have applied the integral and necessary test are Lee Evans Oil & Gas Co. v. Superior Court, 344 P.2d 670 (Okl.1959), and W. P. Atkinson Enterprises v. District Court, 516 P.2d 541 (Okl.1973). In Lee Evans Oil & Gas the court found the activities of an independent contractor in cleaning out a cattle guard surrounding an oil well to be an essential part of, and incident to, the production of oil and gas in that "through it the employees of the oil company and other persons having business at the well could reach it." In Atkinson, the court stated that roofing of a temporary tool shed at an apartment complex site was a necessary and integral part of building an apartment complex.
 
 
 14
 These cases indicate that, in applying the "integral and necessary" test to the facts of the instant case, we should look beyond the specific activity in which the decedent was engaged to the general scope of his employment and to the nature of the work being performed by Ray Geophysical for Mobil. An essential aspect of Mobil's business of producing oil was its oil exploration activity. Clearly, Ray's seismographic operations and Sowders' job as a field helper were an important part of Mobil's business of locating petroleum. Although the activity of flying in an airplane might not be considered necessary to this business, the purpose of the flight is of particular significance in this case. One of Mobil's supervisors specifically requested Ray to send an employee with its employee Brown to pick up a new piece of Mobil's equipment so it could be used in connection with the ongoing exploration activities being conducted by Ray and Mobil. Obviously, Mobil considered obtaining and using the thumper important to its oil exploration activities, or it would not have embarked on this venture. In light of the decisions of the Oklahoma Supreme Court cited above, the district court was correct in holding that Sowders' employment with Ray was an "integral and necessary" part of Mobil's business of locating oil.
 
 
 15
 We find unpersuasive plaintiffs' argument that decedent's activities could not have been an integral and necessary part of Mobil's business because Mobil's own employee was acting in direct violation of his employer's instructions. The fact that engaging a private plane for this particular purpose was prohibited by Mobil was unknown to Sowders and to his supervisor. Ray sent Sowders with Brown because Mobil had requested it to do so. In following his supervisor's instructions, Sowders was acting within the scope of his employment with Ray. The Texas state court, in considering Brown's survivors' claim for workmen's compensation death benefits, held that, although Brown was acting in contravention of a company rule at the time of the crash, the rule related only to the manner of doing the work and did not limit the scope of his employment. Because he was acting in furtherance of Mobil's business in making the trip, Brown was held to be within the scope of his employment and was entitled to compensation. Brown v. Forum Ins. Co., 507 S.W.2d 576 (Tex.Civ.App.1974). Brown's violation of a rule relating to the manner of doing the work, which did not affect Mobil's liability to Brown for compensation benefits, should not affect Mobil's secondary liability to Sowders, who did not know of this violation.
 
 
 16
 As held by the district court, since Sowders was killed in the course of a hazardous employment with Ray Geophysical, and since the work being performed by Sowders and Ray was an integral and necessary part of Mobil's business, plaintiffs are not entitled to recover in their common-law tort action against Mobil, who was secondarily liable for the workmen's compensation benefits paid to them as a result of Sowders' death.
 
 
 17
 AFFIRMED.
 
 
 
 *
 District Judge of the Southern District of Florida sitting by designation
 
 
 [1]
 This term is used in the Oklahoma statutes and case law to refer to the employer of the independent contractor or subcontractor, in the same sense as the terms general employer or contractor might be used in other jurisdictions
 
 
 [2]
 Defendant also argues that because plaintiffs sought and obtained workmen's compensation benefits, which were awarded specifically on the ground that the decedent was engaged in hazardous employment, they should now be estopped from claiming that the decedent was not covered by the Workmen's Compensation Act. Because we reach the same conclusion as the State Industrial Court on the issue of the Act's coverage, we need not address defendant's estoppel argument
 
 
 [3]
 Section 11 of the Oklahoma Workmen's Compensation Act provides:
 Employer to pay compensation Exceptions Contractors
 Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, and in the event of disability only, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner, or results directly from the intoxication of the injured employee while on duty; provided that the provisions of this Act shall not apply to any employer if he shall employ less than two (2) workmen; nor to any dairy employer if he shall employ not more than two (2) workmen working exclusively in such dairy operation; and provided, further, that the liability of any person, firm, or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under this Act, when other than the immediate employer of the injured employee, shall be as follows:
 
 
 [1]
 The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business
 
 
 [2]
 The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears in such proceeding that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, then such employee may proceed against such principal employer without regard to liability of any independent, intermediate or other contractor. Provided, however, in any proceeding where compensation is awarded against the principal employer under the provisions hereof, such award shall not preclude the principal employer from recovering the same, and all expense in connection with said proceeding from any independent contractor, intermediate contractor or subcontractor whose duty it was to provide security for the payment of such compensation, and such recovery may be had by supplemental proceedings in the cause before the State Industrial Commission or by an independent action in any court of competent jurisdiction to enforce liability of contracts
 Okla.Stat. tit. 85, § 11 (1970).
 
 
 [4]
 Section 12 of the Oklahoma Workmen's Compensation Act provides:
 Liability under preceding section exclusive Exceptions Court action Defenses excluded
 The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, except that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this Act, then an injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee; provided, that this Section shall not be construed to relieve the employer from any other penalty provided for in this Act for failure to secure the payment of compensation provided for in this Act.
 Okla. Stat. tit. 85, § 12 (1970).
 
 
 [5]
 Section 2 of the Oklahoma Workmen's Compensation Act provides:
 Employments included in act
 Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: Factories, cotton gins, mills and work shops where machinery is used; printing, electrotyping, photoengraving and stereotyping plants where machinery is used; foundries, blast furnaces, mines, wells, gas works, gasoline plants, oil refineries and allied plants and works, waterworks, reduction works, elevators, dredges, smelters, powder works, glass factories, laundries operated by power, creameries or milk processing plants operated by power, custom or commercial feed lots offering services to the public for the feeding of livestock, quarries, construction and engineering works, construction and operation of pipelines, tanneries, paper mills, transfer or storage, construction of public roads, wholesale mercantile establishments, employees employed exclusively as clerical workers excepted; operation and repair of elevators in office buildings; theaters where picture machines or mechanically operated stage apparatus or fixtures are in use; logging, lumbering or lumber yards, intracity buses, street railroads, railroads using a trolley for electrical operation as to employees engaged in intrastate commerce; buildings being constructed, repaired, moved or demolished, farm buildings and farm improvements excepted; telegraph, telephone, electric light or power plants or lines; steam heating or power plants and steam railroads not engaged in interstate commerce; motor vehicles operating as motor carriers for the transportation of passengers or property for compensation, or motor vehicles used to transport products manufactured or processed by a business concern, repairing or servicing of appliances that utilize electricity, natural gas, liquified petroleum gas or gasoline, and all state employees working as guards, attendants and all other persons engaged in hazardous employment at state penitentiaries and reformatories, state mental hospitals, state schools for mentally retarded, the commodity warehouses and the state institutions under the jurisdiction of the State Department of Public Welfare or the Oklahoma Public Welfare Commission, the State Fire Marshal, Assistant Fire Marshal, deputies, agents and inspectors of the Office of the State Fire Marshal, enforcement officers of the Safety Responsibility Division and other employees engaged in hazardous employment of the Department of Public Safety, school district employees engaged in hazardous employment, uniformed personnel of the State Highway Patrol, State Crime Bureau, county sheriffs and deputies, members of a police department, members of garbage and sanitation departments and fire departments of any incorporated city or town, and all other persons engaged in hazardous employment for any incorporated city or town.
 Okla.Stat. tit. 85, § 2 (1970).
 Section 3 of the Act provides in part:
 Definitions Diseases deemed occupational diseases
 (1) "Hazardous employment" shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in Section 13349, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, including dairy farming, horticulture, or stock raising or employees of steam railroads engaged in interstate commerce.
 (3) "Employer," except when otherwise, expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen in hazardous employment, and shall include the State, county, city or any municipality when engaged in any hazardous work within the meaning of this Act in which workmen are employed for wages; provided, however, that so long as by State law, city charter or municipal ordinances, provisions equal to or better than that given under the terms of this Act, made for such employees injured in the course of employment, such employees shall not be entitled to the benefits of this Act.
 (4) "Employee" means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this act, and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employees of the person having the work executed; provided, that if such associated workmen shall employ two or more laborers or workmen in the execution of such contract then as to such employed workmen or laborers, both the associated employees and the principal employer shall at once become subject to the provisions of this act relating to independent contractors. . . .
 Okla.Stat. tit. 85, § 3(1), (3), (4) (1970).
 
 
 [6]
 The defendant argues the significance of the Industrial Court award of compensation benefits to plaintiffs on the ground that the decedent had been engaged in a hazardous activity. Plaintiffs claim the award is of no moment because Sowders was specifically scheduled for purposes of Ray's payment of insurance premiums to its compensation carrier, and, under sections 65.2 and 65.3 of the Act, Ray was estopped from denying coverage. Although the hazardous employment finding may not have been essential to recovery in that Ray had scheduled Sowders as covered by its compensation policy, we need not reach the merits of this argument because of the independent federal court determination that Sowders was engaged in a hazardous activity
 The Oklahoma Supreme Court, in McKeever Drilling Co. v. Egbert, 170 Okl. 259, 40 P.2d 32 (1934), held that, in light of the Supreme Court's decision in Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), it would not accept as conclusive the Commission's findings on jurisdictional questions, but would weigh the evidence and make its own independent findings. Because a finding of hazardous employment is jurisdictional, the federal court should undertake an independent examination of this issue.