632 F.2d 867
 Erma Joyce ARRINGTON, Special Administratrix of the Estate
of Michael R. Shafer, Deceased, Johneta Contreras, Special
Administratrix of the Estate of Bennie Paul Contreras,
Deceased, Esequiel Sanchez, Jesus Manuel Nieto Garcia, a/k/a
Gabriel Vega, Franklin Stecher, Administrator of the Estate
of Marcos Antonio Melendez Pando, Deceased, and Leticia
Almanza Saenz De Melendez, Widow of Marcos Antonio Melendez
Pando, personally and as next friend of Marcos Antonio
Melendez Almanza, a minor, Mae Redus, Special Administratrix
of the Estate of Russell Lee Warren, Deceased, Leona Noble,
Individually and as Administratrix of the Estate of Carl A.
Noble, Deceased, Debra Neioma Shafer, Individually, and
Jewell Weeks, as Administratrix of the Estate of Michael Ray
Shafer, Deceased, Plaintiffs-Appellants,
v.
MICHIGAN-WISCONSIN PIPE-LINE COMPANY, a Delaware
Corporation, Defendant-Appellee,
Ford, Bacon & Davis Construction Corporation, a New York
corporation; and Grove Valve and Regulator
Company, a California corporation, Defendants.
 Nos. 78-1577 to 78-1581, 78-1698, 79-1041 and 79-1042.
 United States Court of Appeals,
Tenth Circuit.
 Argued Jan. 22, 1980.
Decided Oct. 24, 1980.
 
 Don Manners, Oklahoma City, Okl. (W. R. Cathcart, of Manners, Cathcart & Lawter, Oklahoma City, Okl., on brief), for plaintiffs-appellants Erma Joyce Arrington, Special Administratrix of the Estate of Michael R. Shafer, Deceased, Johneta A. Contreras, Special Administrator of the Estate of Bennie Paul Contreras, Deceased, Esequiel Sanchez, and Mae Redus, Special Administratrix of the Estate of Russell Lee Warren, Deceased.
 Ed Parks III, of Boyd & Parks, Tulsa, Okl., for plaintiffs-appellants Jesus Manuel Nieto Garcia, a/k/a Gabriel Vega, Franklin Stecher, as Administrator of the Estate of Marcos Antonio Melendez Pando, Deceased, and Leticia Almanza Saenz De Melendez, Widow of Marcos Antonio Melendez Pando, personally and as next friend of Marcos Antonio Melendez Almanza, a minor.
 Robert K. McCune, Oklahoma City, Okl. (Gene Stipe, of Stipe, Gossett, Stipe, Harper & Estes, Oklahoma City, Okl., with him on brief), for plaintiffs-appellants Leona Noble, Individually and as Administratrix of the Estate of Carl A. Noble, Deceased, Debra Neioma Shafer, and Jewell Weeks, Administratrix of the Estate of Michael Ray Shafer, Deceased.
 James W. Shepherd, Oklahoma City, Okl. (William J. Legg, of Andrews Davis Legg Bixler Milsten & Murrah, Inc., Oklahoma City, Okl., with him on briefs), for defendant-appellee Michigan-Wisconsin Pipeline Co.
 Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 These are consolidated appeals from dismissals for lack of subject matter jurisdiction of the complaints against Michigan-Wisconsin Pipeline Company brought by workmen injured, and representatives of deceased workmen killed, in an explosion and fire in a pipeline ditch in Oklahoma. Jurisdiction is based upon diversity of citizenship.
 
 
 2
 The trial court determined that plaintiffs' exclusive remedy was under the Oklahoma Workers' Compensation Act (Compensation Act or Act). On appeal plaintiffs argue that (1) the Compensation Act permits employees of an independent contractor to sue the principal employer as a third party tort-feasor for the negligence of its servants; (2) the injuries alleged in the complaints cannot be termed "accidental" within the meaning of the Act for purposes of a motion to dismiss; and (3) Michigan-Wisconsin must be retained in the litigation under Fed.R.Civ.P. 19.
 
 
 3
 The essential facts set forth in the complaints against Michigan-Wisconsin reveal that it engaged Trend Construction Company to perform construction work on a compressor station on Michigan-Wisconsin's pipeline in Oklahoma. In the cold winter weather, Trend employees maintained a fire in the construction ditch for warmth; the pipeline itself was plugged and shut off. While the workmen were working in the ditch, an employee of Michigan-Wisconsin erroneously turned on a valve at the compressor station, allowing natural gas distillant to flow into the excavated area where it came into contact with the fire maintained by the Trend employees. The resulting explosion and flash fire killed some workmen and injured others.
 
 
 4
 Plaintiffs received workers' compensation from their immediate employer, Trend Construction Company, but also brought common law tort actions against Michigan-Wisconsin and other defendants, seeking both actual and punitive damages. They alleged that when the supervisory employees of Michigan-Wisconsin sent the employee to open the gas valve they were aware not only of the danger of opening a wrong valve, but also that the particular employee might not be able to correctly identify the valve he was directed to open. Plaintiffs charged that Michigan-Wisconsin's acts "of negligence were gross, willful and wanton" or "so grossly negligent and exhibited such a reckless and wanton disregard of the rights of the (workmen) that the injuries resulting must be regarded as willfully inflicted."
 
 
 5
 Upon motion, Michigan-Wisconsin was dismissed from the action on the ground that the sole remedy available to the plaintiffs was under the Compensation Act. This appeal is before us because plaintiffs obtained a Fed.R.Civ.P. 54(b) certification.
 
 
 6
 Plaintiffs assert that under the plain meaning of Okla.Stat.Ann. tit. 85, § 44 (West Supp.1979) they are entitled to sue Michigan-Wisconsin, the principal employer here, as a third party tort-feasor. In relevant part, section 44 provides that:
 
 
 7
 (a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such worker shall elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other
 
 
 8
 (b) all common law rights against other than the employer and his employees (are) preserved and (are) to be in those persons who would have had such rights had there been no death claim or death benefits under the Workers' Compensation Act.
 
 
 9
 Plaintiffs claim the injuries were caused "by the negligence or wrong of another not in the same employ," and that common law rights against "other than the employer and his employees (are) preserved." They also argue that Okla.Stat.Ann. tit. 85, §§ 11 (West Supp.1979) and 12 (West 1970), treating the exclusivity of remedies, should be construed as applying only to the principal employer's secondary liability, in the event it has failed to require the immediate employer to comply with the workers' compensation law.
 
 
 10
 The answer to plaintiffs' arguments is that the Oklahoma courts have clearly held to the contrary in many cases, commencing with Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586 (1948). See also Burk v. Cities Service Oil Co., 266 F.2d 433 (10th Cir. 1959); Sun Oil Co. v. Martin, 541 P.2d 841 (Okl.1975); Manhattan Const. Co. v. District Court, 517 P.2d 795 (Okl.1973); W. P. Atkinson Enterprises, Inc. v. District Court, 516 P.2d 541 (Okl.1973); Dunn v. Public Service Co., 487 P.2d 711 (Okl.1971); Skelly Oil Co. v. District Court, 401 P.2d 526 (Okl.1964); Sumpter v. Lawton Coop. Ass'n, 384 P.2d 908 (Okl.1963); Creighton v. District Court, 359 P.2d 581 (Okl.1961); Lee Evans Oil & Gas Co. v. Superior Court, 344 P.2d 670 (Okl.1959); Baldwin v. Big X Drilling Co., 322 P.2d 647 (Okl.1958); Jordon v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408 (1948). These decisions hold the Compensation Act provisions are exclusive, and the principal employer is free from at least ordinary tort claims when sued by employees of an independent contractor who were injured while doing work that was an integral part of the principal employer's business. It is apparently agreed that Michigan-Wisconsin is the principal employer secondarily liable under the Act, and that both the injured or deceased workmen and the Michigan-Wisconsin employees who were allegedly negligent were doing the work of Michigan-Wisconsin.
 
 
 11
 The Compensation Act applies only to "accidental" personal injuries sustained by covered employees. Okla.Stat.Ann. tit. 85, § 11 (West Supp.1979). Plaintiffs contend their allegations of gross, willful and wanton negligence, or negligence so reckless and wanton that the acts must be regarded as willfully inflicted, take the case out of the Act, at least for purposes of a motion to dismiss for lack of jurisdiction. We do not agree.
 
 
 12
 Plaintiffs build their argument upon statements in Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938, 945 (1917), that the Act was not intended to cover willful or intentional injuries inflicted by the employer, and in Hull v. Wolfe, 393 P.2d 491, 496 (Okl.1964) (involving whether accepting workers' compensation released medical malpractice claim against treating physician), that "malicious, willful and unprofessional acts resulting in injury are not within the purview of the Compensation Act."
 
 
 13
 Many cases, however, have held that injuries are "accidental" within the meaning of the Act when caused by willful or criminal assault by the employer, fellow employees or others. E. g., Burrell v. Prewitt, 445 P.2d 279 (Okl.1968); Toklan Production Co. v. Toops, 301 P.2d 646 (Okl.1956); Nelson Electric Mfg. Co. v. Cartwright, 277 P.2d 163 (Okl.1954); Pawnee Ice Cream Co. v. Cates, 164 Okl. 48, 22 P.2d 347 (1933) (assault by employer with hammer); Indian Territory Illuminating Oil Co. v. Jordan, 140 Okl. 238, 283 P. 240 (1929); Dillon v. Dillman, 133 Okl. 273, 272 P. 373 (1928) (gunshot wound inflicted by customer); Oklahoma-Arkansas Tel. Co. v. Fries, 128 Okl. 295, 262 P. 1062 (1928) (gunshot wound from supervisory employee); Stasmas v. State Industrial Comm'n, 80 Okl. 221, 195 P. 762 (1921). In characterizing assaults as accidents, the Oklahoma Court seems to declare that the expectation of the event by the employee is determinative.
 
 
 14
 Accident in the legal signification is difficult to define. It is not a technical legal term with a clearly defined meaning and is used in more senses than one. The word denotes an event which proceeds from an unknown cause or is the unusual effect of a known cause and therefore unexpected. Chance, casualty, an event happening without any human agency or if happening through human agency, an event which under the circumstances is unusual or unexpected to the person to whom it happens. An event which under the circumstances is unusual and unexpected by the person to whom it happens. Under this definition we think the injury was "accidental" within the meaning of the statute.
 
 
 15
 Stasmas v. State Industrial Comm'n, 195 P. at 763 (emphasis added). In these assault cases, workers sought compensation under the Act, rather than commencing actions against principal employers on a common law theory. Under this analysis, the injuries at issue here would be deemed accidental and thus covered by the Compensation Act.
 
 
 16
 In one case, United States Zinc Co. v. Ross, 87 Okl. 21, 208 P. 805 (1922), an injured employee sued his immediate employer in a common law action for failure to provide a guard on a crusher machine. He asserted the case did not come within the Compensation Act because "the machinery at which claimant was injured was so poorly constructed and so carelessly managed that a willful injury resulted." Id. at 806. The company raised the jurisdiction argument, but the case was tried and a verdict rendered in favor of the workman. On appeal, the court purported not to decide whether the petition stated sufficient facts to give subject matter jurisdiction to the court. Instead it reviewed the evidence and indicated that a common law action outside the Compensation Act may be justified, but, as we read the opinion, only when the injury was intentionally inflicted by the employer:
 
 
 17
 Is this evidence sufficient to support an allegation that the injury was inflicted by the willful and intentional act of the employer? This court had occasion to define the word "willful" in the case of Wick v. Gunn, 66 Okl. 316, 169 Pac. (P.) 1087, 4 A.L.R. 107, where this court stated as follows:
 
 
 18
 "The willfulness contemplated amounts to more than a mere act of the will, and carries with it the idea of premeditation, obstinacy, and intentional wrongdoing. The burden is upon the employer to show that the failure of the claimant comes within the exception defined by statute."
 
 
 19
 The court cited with approval numerous cases where the word "willful" was defined. In the case above cited the employer was defending upon the theory that the injury was caused by the willful act of the employee. In the instant case the employee is prosecuting his claim on the theory the injury was inflicted by the willful act of the employer. There is no evidence that even tends to prove the injury was inflicted by the willful and intentional acts of the company. Defendant in error, however, contends the machinery was operated in open and flagrant violation of the Factory Act (section 3746, R.L. 1910), and this amounted to such gross negligence as to amount to a willful and intentional act of the company The statute makes no provision for guarding crusher with aprons or covering over the rollers; there is no evidence it was the usual or customary manner of guarding such machinery, or that it would be practicable. No cases are cited to support the theory that an injury received under like circumstances has ever been decided by any court to be a willful injury, or one not coming within the Workmen's Compensation Act. If such a construction was placed upon the act, it would nullify the act, because every injury could be defined to be a willful and intentional injury, if this evidence is sufficient to support a judgment of a willful and intentional injury.
 
 
 20
 Id. at 807.
 
 
 21
 Even accepting the view of the Ross court, we cannot read the complaints in the instant cases as alleging that Michigan-Wisconsin's employee turned on the wrong valve deliberately, intending to cause injury to these workmen. Nor can we read the complaint as alleging Michigan-Wisconsin supervisory employees intended that the wrong valve would be opened. We may read the complaints as claiming, by the acerbic adjectives and adverbs used, the highest possible degree of negligence; nevertheless, it is still negligence that is alleged. Mere allegations of willfulness are not sufficient to take cases out of the Compensation Act. "The liberal use of the phrase 'wilfully and knowingly' in the petition added nothing to the facts Such constituted a mere characterization of the acts or omissions of the defendants concerned." Roberts v. Barclay, 369 P.2d 808, 810 (Okl.1962).
 
 
 22
 In none of the reported Oklahoma cases in which common law actions were brought against a principal employer by an employee of a subcontractor, did the court treat "willful" allegations. But in many of the decisions the courts made statements that the principal employer's liability under the Compensation Act precluded "tort" actions, (e. g., Dunn v. Public Service Co., 487 P.2d at 713; Mid-Continent Pipe Line Co. v. Wilkerson, 193 P.2d at 590), "common law actions," (Creighton v. District Court, 359 P.2d at 583), or "common law negligence actions," (Burk v. Cities Service Oil Co., 266 F.2d at 434).
 
 
 23
 We believe the Oklahoma Supreme Court would construe the Compensation Act as barring all common law actions against the principal employer based upon negligence of its employees. Cf. Duncan v. Perry Packing Co., 162 Kan. 79, 174 P.2d 78 (1946) (similar allegations under Kansas law).
 
 
 24
 We also reject plaintiffs' arguments that Michigan-Wisconsin must remain in this litigation under Fed.R.Civ.P. 19(a). Citing the inherently dangerous, non-delegable duty cases, plaintiffs argue that Michigan-Wisconsin can be held liable for torts of its independent contractors under certain circumstances. Nothing in the instant complaints suggests such a situation is involved here. Plaintiffs also assert that under certain circumstances Michigan-Wisconsin has a contractual duty to indemnify Ford, Bacon & Davis Construction Corp., another defendant in these actions. We agree with the trial court that the right of Ford, Bacon & Davis to sue Michigan-Wisconsin has no relevancy to the proper adjudication of plaintiffs' claims.
 
 
 25
 AFFIRMED.