Darlena Kaye TYNER, an individual, and Shelly Renee Tyner, a minor, by and through her natural Mother and Next Friend, Darlena Kaye Tyner, and Darlena Kaye Tyner, as Administratrix of the Estate of Dale Edward Tyner, Plaintiffs-Appellants,

v.

FORT HOWARD PAPER COMPANY, Defendant-Appellee.

No. 81–1424.

United States Court of Appeals, Tenth Circuit.

May 25, 1983.

Robert K. McCune of Stipe, Gossett, Stipe, Harper & Estes, Oklahoma City, Okl., for plaintiffs-appellants.

James G. Wilcoxen, Muskogee, Okl. (Andrew Wilcoxen of Wilcoxen & Cate, Muskogee, Okl., on the brief), for defendant-appellee.

Before McWILLIAMS, DOYLE and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an appeal from a district court judgment dismissing a wrongful death action. We hold that the district court did not err by dismissing the action and accordingly affirm.

## I. Background

The decedent, Dale Edward Tyner, was an employee of Daniel's Construction Company. On June 22, 1978, he was sent by his supervisor to work on an electrical crane at Fort Howard Paper Company's plant in Muskogee, Oklahoma. Upon arriving at Fort Howard's plant, the decedent disconnected the electrical current to the crane and padlocked the switch that controlled the current. Subsequently, a foreman of Fort Howard removed the padlock and turned on the current to the crane. The foreman apparently did this in order to move the crane, which was impeding production at the plant. In any event, the decedent was electrocuted when the current to the crane was turned on.

The decedent's survivors[1] sued Fort Howard, alleging that Fort Howard was responsible for the death of the decedent. Upon motion by Fort Howard, the district court dismissed the action for lack of subject matter jurisdiction, concluding that the plaintiffs' sole remedy was to seek compensation under the Oklahoma Workers' Compensation Act (Act). This appeal followed.

## II. Discussion

Under the Act, the employer of a covered employee is strictly liable for any "accidental" injury sustained by the employee.[2] Okla.Stat.Ann. tit. 85, § 11 (West Supp.1982). Such liability is exclusive and in lieu of any other liability of the employer, including that at common law. *Id.* § 12. An "intentional" injury is not "accidental" for purposes of the Act however and is therefore not covered by the Act. *See, e.g., United States Zinc Co. v. Ross,* 87 Okl. 21, 208 P. 805 (1922). That being the case, an employer can be held liable at common law for injuries "intentionally" inflicted on a covered employee. *Id.*

The district court held that the plaintiffs had not alleged facts which would bring their action within the "intentional" injury exception to the Act and accordingly granted a dismissal for lack of subject matter jurisdiction. On appeal, the plaintiffs maintain that they did allege an "intentional" injury. We disagree.

We have previously held that nothing less than genuine intent to injure makes an injury "intentional" for purposes of the Act. *Love v. Flour Mills of America,* 647 F.2d 1058 (10th Cir.1981); *Arrington v. Michigan-Wisconsin Pipe-Line Co.,* 632 F.2d 867 (10th Cir.1980). Thus, we have stated:

> Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the kind of

---

1. The action was brought by the spouse of the decedent, for herself and for her minor daughter and as administratrix of the estate of her deceased husband.

2. The Act, of course, applies only to work-related injuries. Okla.Stat.Ann. tit. 85, § 11 (West Supp.1982).

actual intention to injure that robs the injury of accidental character. *Love v. Flour Mills of America,* 647 F.2d at 1060 (quoting 2A Larson, Workmen's Compensation Law ¶ 68.13 (1976)).

The facts alleged by the plaintiffs, even if true, would not indicate that Fort Howard "intentionally" caused the death of the decedent.[3] In this regard, the plaintiffs alleged in their complaint that Fort Howard's foreman willfully and intentionally removed the padlock on the switch that controlled the current to the crane and activated the switch (1) without first ascertaining whether the decedent would be endangered thereby, (2) despite having been warned that the decedent was working on the crane, and (3) without first determining the purpose for and nature of an identification sticker which the decedent had placed on the padlock. In addition, the plaintiffs maintained that Fort Howard willfully and intentionally (1) failed to adopt adequate safety measures to protect the decedent and (2) failed to terminate its foreman even though it was aware that he was prone to act precipitously and without due regard for the safety of his fellow employees. Finally, the plaintiffs also asserted that the decedent's death occurred because Fort Howard's foreman was fatigued and that Fort Howard was liable because it had willfully and intentionally required its foreman to work long hours. Nowhere in their complaint, however, did the plaintiffs allege that either Fort Howard's foreman or Fort Howard itself had acted with the intention of injuring the decedent.

Thus, even if the plaintiffs established all of the facts they alleged, their action would nonetheless be barred by the Act. Given the circumstances, then, dismissal on the ground of lack of subject matter jurisdiction was appropriate.

Judgment affirmed.

---

**3.** We note that we view the plaintiffs' allegations favorably to the plaintiffs as required by *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).