**SUN OIL COMPANY, a New Jersey Corporation, and Eugene Harlow, an Individual, Petitioners,**

v.

**The Honorable Robert F. MARTIN, Judge of the District Court of Tulsa County, State of Oklahoma, Respondent.**

No. 47623.

Supreme Court of Oklahoma.

Oct. 14, 1975.

Rhodes, Hieronymus, Holloway & Wilson by Bert M. Jones, Tulsa, for petitioners.

H. Tom Hendren, Tulsa, for respondent.

IRWIN, Justice:

Sun Oil Company and Eugene Harlow (Petitioners) seek a Writ of Prohibition prohibiting the respondent Judge from further proceeding in Case No. 72–1115, District Court, Tulsa County. The Tulsa County action involves a common law tort action brought by Max B. White against petitioners to recover damages for personal injuries sustained in an accident on Sun Oil's premises.

Petitioners contend they are entitled to the Writ on the grounds that the State Industrial Court has exclusive jurisdiction to adjudicate any claim arising from the alleged accident. The same contention was presented to the respondent Judge and he denied any relief to petitioners.

Max B. White, plaintiff in the trial court, operated and drove a transport tank-truck for Hugh Breeding, Inc., a licensed common carrier. Sun Oil has a refinery in Tulsa and needed to transport some of its oil to its terminal in Muskogee. Although Sun has several of its own tank-trucks to transport its oil, it had a large volume of oil to transport and hired Hugh Breeding to transport it. White sustained injuries during loading operations at Sun Oil's refinery in Tulsa allegedly due to the negligence of Sun Oil's employee, petitioner—Harlow.

White seeks to uphold the position of the respondent Judge and has filed a brief in his behalf.

Petitioners and White concede that the relationship between Sun Oil and Hugh Breeding, Inc., is that of a principal employer and independent contractor.

Petitioners contend that under 85 O.S. 1971, § 11, Sun Oil is secondarily liable to White; and under 85 O.S.1971, § 12, the State Industrial Court has exclusive jurisdiction to adjudicate any claim White may have against either petitioner.

The general rule which petitioners argue is applicable in the case at bar may be stated thusly: where an employee of an independent contractor is injured in hazardous employment which is an integral part of the principal employer's business, the principal employer is secondarily liable under the Workmen's Compensation Act and the injured employee's exclusive remedy is in the State Industrial Court. See *Dunn v. Public Service Company of Oklahoma*, Okl., 487 P.2d 711 (1971); and *W. P. Atkinson Enterprises, Inc. v. District Court of Oklahoma County*, Okl., 516 P.2d 541 (1973).

In the Public Service Company case, Public Service engaged an independent contractor to do certain work. Dunn, an employee

of the independent contractor, was injured while performing those services. Dunn brought a common law action against Public Service to recover damages for his injuries and the trial court sustained a motion for summary judgment in favor of Public Service. In affirming the judgment we said the principal and determinable question as to whether Public Service may be sued in a common law action was whether Public Service, the principal employer, was secondarily liable under the Workmen's Compensation Act, and that if Public Service were secondarily liable, the Workmen's Compensation Act was Dunn's only remedy. Therein we held:

"Liability for negligence of the principal employer under the terms of the Workmen's Compensation Act of this State providing compensation for injuries to an employee of an independent contractor performing hazardous work in the course of his employment which was necessarily connected with, and an integral part of the business of the principal employer, is exclusive and such employee is without right to maintain action in tort against the principal employer on account of such injuries. (85 O.S. 1961, §§ 11, 12, and 44)."

White contends that the above decisions are not controlling in the case at bar. White argues that Sun Oil had no control over the manner in which Sun Oil's petroleum products would be transported; and that transportation of products by a common carrier is not an integral part of any other business other than a common carrier; and that Sun Oil is not a common carrier for hire.

Our Workmen's Compensation Act makes no distinction between a common carrier performing services as an independent contractor and any other independent contractor in reference to secondary liability imposed upon the principal employer. The primary concern is whether the hazardous employment being performed is necessarily connected with and an integral part of the principal employer's business. If it is, the principal employer is secondarily liable under the Workmen's Compensation Act.

In the case at bar, transportation of Sun Oil's petroleum products from its refinery in Tulsa to its terminal in Muskogee is covered by the Workmen's Compensation Act. Sun Oil owned the petroleum products when it was loaded at its refinery in Tulsa and unloaded at its terminal in Muskogee. Sun Oil owned tank-trucks that it used to transport petroleum products from its refinery to its terminals. Transportation of such petroleum products was necessarily connected with and an integral part of Sun Oil's business. This being so, Sun Oil was secondarily liable under the Workmen's Compensation Act, and White's exclusive remedy is under that Act.

Application to Assume Original Jurisdiction granted; Writ of Prohibition issued; and the respondent Judge is prohibited from further proceeding in Cause No. 72–1115, Tulsa County, except to assess the costs and dismiss the action.

WILLIAMS, C. J., HODGES, V. C. J., and BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.