Raymond E. NEWPORT,
Plaintiff-Appellant,

v.

CRANE SERVICE, INC. and Wilson
Electric Motor Service, Inc.,
Defendants-Appellees.

No. 56622.

Supreme Court of Oklahoma.

July 20, 1982.

Thomas A. Williams, Oklahoma City, for appellant.

John A. McCaleb, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee, Crane Service, Inc.

OPALA, Justice:

The dispositive issue is whether the trial court erred when it ruled that plaintiff's exclusive remedy for his personal injury is by a claim in the Workers' Compensation Court. We answer in the affirmative.

Raymond Newport [worker] was employed as an electrician for Oklahoma Steel Mill [Mill]. When the worker was unable to repair a large electric motor, the Mill con-

tracted with Wilson Electric Motor Service, Inc. [Wilson] for such service. Wilson hired Crane Service, Inc. [Crane] to remove the motor from the Mill and transport it to Wilson's shop for repairs. While in the process of removing the motor, Crane's employee enlisted the assistance of the worker and of another Mill employee to guide the crane hook onto the top of the motor. During this activity, the hook disengaged from the cable and fell, knocking the worker from the top of the motor and causing him severe injuries. The worker brought a tort action against Crane and Wilson, alleging negligence of Crane's employee in failing to properly secure the hook. The trial court sustained the demurrers to the worker's petition. Judgment for both defendants was premised on the view that the worker's right of action against the contractors was abrogated by the provisions of the Workers' Compensation Act [Act].[1]

The worker contends the defendants [Wilson and Crane] are independent contractors each of whom is engaged in business unrelated to that of the Mill and who, at the time of his injury, were performing tasks not to be regarded as "necessary and integral" to the Mill's day-to-day business under the test announced in *Murphy v. Chickasha Mobile Homes, Inc.*[2] The import of this argument is that the defendants were not in the same statutory "employ" as

the worker and are hence liable to him in tort for the injury.

The defendants counter that the worker's exclusive remedy is under the Act. They contend that since he was engaged with Crane for the Mill in a common task—the removal of the electric motor—he must be considered to be in the same employ. Their argument is that the "common task" test, announced in *O'Baugh v. Drilling Well Control, Inc.*[3] is applicable here and provides the basis for their immunity from an action in tort.

Neither the *Murphy* "necessary-and-integral" nor the *O'Baugh* "common task" test is apposite to the facts of the instant case. These two tests govern factual settings dissimilar to that before us.

■ In *Murphy*, the plaintiff, an employee of an independent contractor, sought damages for negligence of the principal hirer, i.e. one who engaged the work of plaintiff's employer. The "necessary-and-integral" test was held applicable. That *test serves only* to determine whether the defendant-hirer is secondarily liable in compensation for injuries to the plaintiff-employee of a hirer's contractor. If the defendant is found not to be secondarily liable as a § 11 employer,[4] he becomes a stranger to that section's employment scheme. As a stranger he is subject to the tort liability that stands preserved by § 44[5] to everyone

1. 85 O.S.1981 §§ 12 and 122; all section references in the text are to 85 O.S.

2. Okl., 611 P.2d 243, 248 [1980]; see Chart II.

3. Okl., 609 P.2d 355, 359 [1980]; see Chart II.

4. Pertinent provisions of 85 O.S.1981 § 11 relative to liability of an employer in compensation are:

"* * * 1. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor or such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business. 2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the inde-

pendent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears in such proceeding that the principal employer has failed to require a compliance with the Workers' Compensation Act of this state, by his or their independent contractor, then such employee may proceed against such principal employer without regard to liability of any independent, intermediate or other contractor. * * *"

5. The terms of 85 O.S.1981 § 44 provide in pertinent part:

"(a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. * * *"

who is "not in the same employ" as the injured worker. In *O'Baugh*, the defendant was found to be "in the same employ". There, the plaintiff, an employee of a subcontractor, brought an action in tort against another subcontractor who was working on the same drilling project for the same hirer. By the application of the common-task standard, the two contractors—doing a common task for the hirer—were found to be "in the same employ" and hence each of them became immune from tort liability in an action brought by an employee of either of them.[6] *Here the worker is the hirer's servant.*

The alignment of the parties in the instant case closely resembles that in *Dolese Bros. v. Tollett.*[7] There, a truck driver, while delivering material to a prime building contractor, injured the contractor's employee. The employee brought a tort action against the material supplier. The supplier claimed to be in the employment of the contractor and hence not subject to tort liability preserved by the Act to those "not in the same employ." The court held that neither in contemplation nor by the terms of the workers' compensation law was the supplier for the job transformed into a statutory employer of his hirer's work force. The injured employee of the hirer was found to be solely in the hirer's employ—not also in that of the hirer's supplier. Since neither at common law nor by statute was the supplier deemed to be the injured worker's employer, he was not under secondary liability for compensation to the hirer's employee and hence could not claim the shield of immunity from tort liability.

 The tort immunity created by our compensation law extends beyond the con-

fines of the common-law employer status. It ascends the full length of the statutory employment ladder[8] and encompasses the immediate, intermediate and principal hirers of any entity in the § 11 chain, together with all their employees. Each of these entities is secondarily answerable in compensation. The liability runs in descending order and extends to anyone in hired activities which constitute a necessary-and-integral part of the hirer's business.[9] The immunity fashioned by the law does not run down the employment ladder but rather in the opposite direction. It goes up that ladder. In the instant case, the immunity conferred by the Act upon the Mill—as the worker's immediate employer—does not descend to shield the defendants from liability in tort to an employee of the Mill. It is not the immunity from tort but rather the liability in compensation that is extended—downward from the hirer—in descending order.[10] A hirer who occupies the principal employer's status—within the meaning of § 11—is primarily liable in compensation to his immediate employees and secondarily accountable to the employees of all his contractors through whom the day-to-day activities of the hirer's own business are being performed.[11] All other intermediate contractors in the employment chain that descends from the hirer—as the statutory principal employer—down to and including the immediate employer, are likewise answerable in compensation to their direct employees and to those of their own contractors who meet the "necessary-and-integral" test.

The defendants, Wilson and Crane, are not in the statutory employment chain with

---

6. The task-related test of O'Baugh, supra note 3—used to determine whether several contractors of a single hirer were jointly responsible for the performance of some common task on the job site—was abrogated by the passage of H.B. 1707, effective March 26, 1982, Okla.Sess. L.1982, pgs. 89–90.

7. 162 Okl. 158, 19 P.2d 570 [1933]; see Chart I.

8. See Chart I.

9. *O'Baugh v. Drilling Well Control, Inc.*, supra note 3 at 359; *W. P. Atkinson Enterprises, Inc. v. District Court of Oklahoma County*, Okl., 516 P.2d 541 [1973]; *Murphy v. Chickasha Mobile Homes, Inc.*, supra note 2.

10. See Chart II.

11. *Murphy v. Chickasha Mobile Homes, Inc.*, supra note 2.

the worker. Because they do not qualify as his § 11 employers, they have no secondary liability to answer in compensation.[12] They are not protected from having to respond in damages at law.

In his petition herein the worker stated that at the time of his injury the defendant Wilson was engaged by the Mill to repair an electric motor and that Crane, acting as Wilson's agent, was in the process of picking up the motor to deliver it to the principal's place of business. The worker unmistakably alleges that he was an employee of the Mill. None of the pleaded facts indicates that the defendants stand in the status of § 11 employers. Nor may that status be inferred from any allegation. Since secondary liability of a hirer is not applicable to the facts here, consideration need not be given to the impact of the "necessary-and-integral" test by which the law gauges the hirer's responsibility to an employee of an independent contractor on the job.

The defendants would be found within the orbit of exclusive liability in compensation *only if*, at the time of the accident, the worker could be claimed as a servant of another [the Mill] who was on loan to them.[13] The worker's loaned-servant status is not alleged, nor may it be inferred from the terms of the petition.

The petition affords no foundation for the trial court's conclusion that the plaintiff's claim for his personal injury stands statutorily confined to the remedy in workers' compensation. The trial court's judgment for both defendants is accordingly reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, HARGRAVE and WILSON, J., concur.

SIMMS, J., concurs in result.

---

**12.** It is not necessary to decide here whether the Mill did in fact stand in the chain of § 11 statutory employment *vis-a-vis* the two defendants because they were doing "necessary and integral" part of the Mill's business.

**13.** *Ishmael v. Henderson*, Okl., 286 P.2d 265 [1955]. Both the general and the borrowing master may be liable in compensation. If either Crane or Wilson was a borrowing master, then each, along with the Mill, the general master, would be liable in compensation.

CHART I

Newport v. Crane Service, Inc.

DESCENDING Order of Liability in Compensation

M, as §11 employer, is liable for independent contractor's employees hired by it.

ASCENDING Order of Immunity

Immunity rises as liability descends

M
MILL
§11 Employer if Wilson & Crane performed "necessary and integral" tasks

P₁
Employee
(Newport)

WILSON
D₁

CRANE
D₂

P₁ – Plaintiff-employee of Mill

D₁ – Defendant – contractor of Mill

D₂ – Defendant – contractor of D₁

Facts: P₁ sues D₁ and D₂. Since there is no "ascending" compensation liability on the part of D₁ and D₂ for P₁ and since P₁ is not a loaned servant of D₁ or D₂, neither D₁ nor D₂ is immune.

Newport does not come under the O'Baugh test of common tasks. He was not the employee of one among several subcontractors with overlapping responsibilities, but rather, was the employee of the hirer -- one at the top of the employment ladder. See Dolese Bros. v. Tollett, 162 Okl. 158, 19 P.2d 570 [1933].

See O'Baugh analysis on Chart II

DESCENDING ORDER OF LIABILITY IN COMPENSATION

Chain II

Chain I

M

$E_1$

$D_1$

$D_2$

Chain I - - compensation liability for employees of $D_1$ and $D_2$ descends if $D_1$ and $D_2$ -- independent contractors -- are performing "necessary and integral" tasks for M.

Chain II -- liability descends to $E_1$ because M is a common law (immediate) employer.

As a direct (common law) servant of M, $E_1$ is a stranger to § 11 employment chain (Chain I) and to § 12 immunity for Chain I.

ASCENDING ORDER OF IMMUNITY FROM TORT LIABILITY

Chain II

Chain I

M

$E_1$

$D_1$

$D_2$

Immunity from tort liability moves upward in Chain I and Chain II as compensation liability -- primary or secondary -- descends along those chains.

M at the top of the statutory employment ladder is immune from suit by those beneath it in the chain.

$D_1$ and $D_2$ are not immune from suit by M's employees.

$D_1$ is immune from suit by $D_2$ employees.

$D_2$ is not immune from suit by $D_1$ employees.

M - Mill

$E_1$ - Employee of Mill

$D_1$ & $D_2$ - contractors

CHART II

**Murphy v. Chickasha Mobile Homes, Inc.**
Okl., 611 P.2d 243 [1980]

Facts: While painting H's factory, $E_1$ -- an immediate employee of C -- is injured by the negligence of H's employees.

**O'Baugh v. Drilling Well Control, Inc.**
Okl., 609 P.2d 355 [1980]

Area I: Common task area of $S_1$ & $S_2$

Area II: Common task area of $S_2$ & $S_3$

Facts: P, $S_1$, $S_2$ & $S_3$ are all involved in the same construction job. $E_1$ sues $S_1$.

O'Baugh applies to common tasks performed by subcontractors of the same hirer with overlapping contract responsibilities. Partly because the test in O'Baugh was being misapplied to situations not unlike Newport, the O'Baugh test was abrogated in its entirety by the enactment of HB 1707 (Okla.Sess.L. 1982, pgs. 89-90).