Patricia Fern WILES, as the Personal Representative of the Estate of Ricky Wayne Wiles, Deceased, Appellant,

v.

GRACE PETROLEUM CORPORATION, a Delaware corporation, J.W. Little and Neva Little, d/b/a Western Security, Appellees.

No. 57784.

Court of Appeals of Oklahoma, Division No. 2.

May 31, 1983.

Rehearing Denied July 22, 1983.

Certiorari Denied Oct. 18, 1983.

Released For Publication by Order of the Court of Appeals Oct. 21, 1983.

Karen A. Pepper Mueller, Carson, Rayburn, Hirsch & Mueller, Oklahoma City, for appellant.

George D. Davis and Jim T. Priest, Oklahoma City, for appellee Grace Petroleum.

Harry R. Palmer, Jr., Oklahoma City, for appellee Western Sec.

MEANS, Judge.

Plaintiff Patricia Fern Wiles in her capacity as personal representative instituted this action for wrongful death of her husband against both defendants. Trial court sustained defendants' demurrers to the petition.

Plaintiff alleges error by the trial court in its finding that the Workers' Compensation Court has sole and exclusive jurisdiction over the subject matter with respect to the defendants J.W. Little and Neva Little, d/b/a Western Security (Western). Secondly, plaintiff contends that the trial court erred in holding that the act of an intervening third party consisted of an independent intervening criminal cause relieving the defendant Grace Petroleum (Grace) from any liability.

Having reviewed the record, briefs, and the applicable law, we conclude that the trial court was in error.

The petition alleges that in November of 1980, Grace was operating an oil rig referred to as the Tracy Rig No. 2–36, located west of Cheyenne, Oklahoma. Grace had hired Western to provide security for the safety and protection of persons on the premises of the rig and to patrol and protect the premises. Armstrong Tool and Supply Company (Armstrong), an independent contractor, had also been hired by Grace to provide a service to the same rig.

On November 14, 1980, Ricky Wayne Wiles (Wiles), the plaintiff's husband, was employed by Armstrong and was working at the rig. A James Bruton, after attempting to steal a car from the premises, approached Wiles and a co-worker and without provocation, shot Wiles in the abdomen at contact range. Wiles died a short time thereafter from the gunshot wound. A Western Security guard was on duty when the shooting took place but fled the scene for her own safety.

Plaintiff's petition further alleges that the defendants' duty of care to keep the premises safe and provide a safe place for Wiles was breached by the defendants' concurring negligence, proximately causing the alleged damages. After the court's rulings on the demurrers, plaintiff elected to stand on her petition.

## I

In her brief the plaintiff states that Western's demurrer was sustained because the trial court found that the Workers' Compensation Court had sole and exclusive jurisdiction over the subject matter. The trial court based its finding on the theory that the defendant Western's work at the well location was a necessary and integral part of the principal employer's work and that therefore Western was immune from any tort liability.

The Oklahoma workers' compensation statutes provide both rights and remedies for employers and workers.[1] Title 85 O.S. 1981 § 11, provides in pertinent part:

1. Title 85 O.S.1981 & Supp.1982 §§ 1–180.

"Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury .... Liability of any person, firm, or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under the Workers' Compensation Act, *when other than the immediate employer of the injured employee,* shall be as follows:

"1. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or *the employees of any subcontractor or such independent contractor,* and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business." (footnotes omitted; emphasis added)

The Act further provides that the workers' compensation statutes are exclusive. Title 85 O.S.1981 § 12, states in part:

"The liability prescribed in [section 11] shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person ...."

Common law tort liability is not completely abrogated. Title 85 O.S.1981 § 44, allows claims against third persons who are "not in the same employ," providing that:

"(a) If a worker entitled to compensation under the Workers' Compensation Act *is injured or killed by the negligence or wrong of another not in the same*

*employ,* such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other." (footnotes omitted; emphasis added)

In our analysis and research of appropriate law we have found these sections of the statutes to present controversial and troublesome issues.

Regarding the defendant Western, the determinative issue is Wiles' status in relation to Western. If Western is "another not in the same employ" within the meaning of section 44, then Wiles' widow is not precluded from bringing the tort action. However, the plaintiff would be precluded if Western and Wiles were "in the same employ," that is, "performing joint tasks under a contract with the same 'principal employer'" falling within the analysis of *O'Baugh v. Drilling Well Control, Inc.*[2]

■ It is not difficult to determine that Grace is the "principal employer" for both Western and Wiles (through Armstrong). The difficulty arises in determining whether Western and Wiles were performing joint tasks. Western's task was to provide security, but Wiles' task was to "fish" materials from the well.

As was stated in *Rota-Cone Oil Field Operating Co. v. Chamness:*[3]

"It is true that the separate independent contractors were cooperating, but the employees of neither contractor were subject to the control of the other, nor were they engaged in doing work which the other had been 'hired to perform.'"

There are no facts in the record presented which indicate that Western and Wiles were performing joint tasks.

The trial court's reliance on the "necessary and integral test" in determining Western's immunity from liability was misplaced. Since this ruling, the Oklahoma Supreme Court has decided *Newport v. Crane Service, Inc.*[4] In distinguishing the "necessary and integral test" as announced in *Murphy v. Chickasha Mobile Homes, Inc.,*[5] the court stated:

"That *test serves only* to determine whether the defendant-hirer is secondarily liable in compensation for injuries to the plaintiff-employee of a hirer's contractor. If the defendant is found not to be secondarily liable as a § 11 employer, he becomes a stranger to that section's employment scheme. As a stranger he is subject to the tort liability that stands preserved by § 44 to everyone who is 'not in the same employ' as the injured worker."[6] (emphasis supplied; footnotes omitted)

■ The defendant hirer in this case is Grace, not Western. Thus the necessary and integral test is not applicable to Western in determining its immunity from tort liability to Wiles.

In its brief Western asserts that it was entitled to and did share the immunity of its principal employer, Grace under the Workers' Compensation Act. Western's position is that it is immune from any liability from the resulting death of Wiles which arose out of and within the course of his employment. However, this does not comport with the teaching of *Newport* and *O'Baugh.*

Western relies upon *Thompson v. Kiester.*[7] As explained in *O'Baugh, Thompson* would provide immunity to Western if Western and Wiles were "in the same employ" status. That is not the case here, for Western and Wiles were not performing joint tasks.

As demonstrated in *Newport,* immunity from tort actions for Western is not available under our compensation laws. Western is not in the statutory employment chain

**2.** Okl., 609 P.2d 355, 359 (1980).

**3.** 197 Okl. 103, 105, 168 P.2d 1007, 1009 (1946).

**4.** Okl., 649 P.2d 765 (1982).

**5.** Okl., 611 P.2d 243, 248 (1980).

**6.** *Newport,* 649 P.2d at 766–67.

**7.** 141 Okl. 69, 283 P. 1018 (1930).

with the worker Wiles. Because Western does not qualify as his section 11 employer, it has no secondary liability to answer in compensation. Western is not protected from having to respond in a suit for damages at law.[8]

Plaintiff has advanced the argument that the recent amendment to 85 O.S.1981 § 12,[9] has retroactive effect, expressly allowing her to bring an action against an independent contractor such as Western in this factual setting. The retroactive argument has been denied by the Oklahoma Supreme Court in the opinion *Weber v. Armco, Inc.*[10] In *Weber,* the court stated, "In the absence of express or implied legislative intent to the contrary, an amendment to the Workers' Compensation Act is inapplicable to injuries sustained prior to its enactment."

█ The situation is different in regard to Grace. Grace is the principal employer in the statutory employment chain with Wiles under section 11 and has immunity under section 12 from tort actions by the plaintiff.[11] The demurrer as to Grace should have been sustained for lack of jurisdiction, the Workers' Compensation Court having exclusive jurisdiction.[12]

## II

Western also asserts that the independent intervening criminal act of murdering Wiles does not give rise to a claim of actionable negligence against Western. Grace as principal employer also asserts this position which, in fact, was the reason given by the trial court for sustaining Grace's demurrer.

Western contends that the independent felonious act of Bruton was the proximate cause of the death of Wiles. Western concludes that any alleged act of negligence by an unarmed woman security guard whose only duty was to audit or monitor the premises could not possibly serve as the proximate cause of Wiles' death.

Plaintiff's petition alleges that Western owed a duty of care to the deceased Wiles to keep the premises safe and protect the employees, subcontractors, business invitees and others who might enter the premises from harm. Plaintiff further asserts that Western held itself out to be a qualified expert in the security business and in so doing owed a duty of care to the deceased to perform accordingly.

In response to plaintiff's assertions Western relies upon *McMillin v. Barton-Robison Convoy Co.,*[13] and *Davis v. Allied Supermarkets, Inc.,*[14] and the rule stated therein:

"A master owes to an employee a legal duty to furnish the employee a reasonably safe place to work, but this duty does not include an obligation to protect the employee against assaults by robbers perpetrating a crime in the master's workshop."

Plaintiff cites *Kelly v. Kroger Co.,*[15] containing a factual situation similar to the

---

8. *Newport,* 649 P.2d at 767–68.

9. The pertinent amendments found in 85 O.S. Supp.1982 § 12, are as follows:

"(i) [T]hat the immunity created hereby shall not extend to action by an employee, spouse, personal representative, parents, dependents or any other person against another employer, or its employees, on the same job as the injured or deceased worker where such other employer does not stand in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker; (ii) that such immunity created hereby shall not extend to action against another employer, or its employees, on the same job as the injured or deceased worker even though such other employer may be considered as standing in the position of a spe-

cial master of a loaned servant where such special master neither is the immediate employer of the injured or deceased worker nor stands in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker . . . ."

10. Okl., 663 P.2d 1221 (1983).

11. 85 O.S.1981 §§ 11 and 12.

12. 85 O.S.1981 § 12.

13. 182 Okl. 553, 78 P.2d 789 (1938).

14. Okl., 547 P.2d 963, 964 (1976).

15. 484 F.2d 1362 (10th Cir.1973).

instant case. In *Kelly,* a customer, seized as a hostage, was shot and killed by a robber when police responded to a silent alarm. The Court of Appeals for the Tenth Circuit held that there was a genuine issue of material fact as to whether defendant was negligent in sounding such silent alarm.. This fact issue precluded summary judgment for the defendant. The theory of the plaintiff in *Kelly* was that the action of the defendant served to increase the hazard and that this hazard in fact caused the injury.

Both in *McMillin* and *Davis,* the alleged acts of negligence on the part of the defendants occurred before any criminal activity. In *Kelly,* the alleged negligent act occurred while criminal activity was in progress. A different duty of care was involved.

In this case, plaintiff contends that a security guard fleeing the scene for her own safety is not merely furnishing a condition by which injury to Wiles was made possible. The action taken by the security guard was undertaken once the criminal activity was in progress. The plaintiff asserts that the security guard breached her duty to take appropriate action to guard the decedent from harm.

Plaintiff's theories are consistent with current tort law, including Restatement (Second) of Torts § 324A (1965), which provides that:

> "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or

> (b) he has undertaken to perform a duty owed by the other to the third person, or

> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Citing the above section in *Truitt v. Diggs,*[16] the Oklahoma Supreme Court stated that allegations showing a failure to exercise reasonable care which increase the risk of harm are sufficient to establish liability.

The petition states a cause of action against Western. A demurrer to a petition must be overruled if the facts, well pleaded, set forth any basis for a cause of action.[17]

### III

Plaintiff advances the proposition that whether or not Wiles and the defendants were in the same employ is a question of fact for jury determination, citing *Flick v. Crouch.*[18] In *Flick,* the issue was whether welders responsible for the construction of the derrick were independent contractors or employees of the principal employer. No such issue of fact is presented in this case by either the petition or the demurrer.

Affirmed as to appellee Grace Petroleum. Reversed as to appellees J.W. Little and Neva Little, d/b/a Western Security.

BACON, P.J., and BOYDSTON, J., concur.

---

16. Okl., 611 P.2d 633, 636 (1980).

17. *State ex rel. Pollution Control Co. v. Kerr McGee Corp.,* Okl., 532 P.2d 1386 (1975).

18. Okl., 434 P.2d 256 (1967).