773 F.2d 273
 John Richard MURRAY and Wanda Marie Murray, Husband and
Wife, Plaintiffs-Appellants,
v.
GEORGE E. FAILING COMPANY, INC., a Delaware Corporation, and
Delle Duffy, an Individual, Defendants-Appellees.
 No. 84-2012.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 20, 1985.
 
 Joe R. Farrant of Farrant, Henneke, Brown & Shirley, Enid, Okl., for plaintiffs-appellants.
 F. Thomas Cordell, Jr. of Huckaby, Fleming, Frailey, Chaffin & Darrah, Chickasha, Okl., for defendants-appellees.
 Before MOORE, BREITENSTEIN and McWILLIAMS, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Circuit R. 10(e). The cause is therefore submitted without oral argument.
 
 
 2
 In this diversity suit the appellants-plaintiffs sued the appellees-defendants for personal injuries resulting from the defendants' negligence. The district court sustained the defendants' motion to dismiss the complaint on the ground that the Oklahoma Workers' Compensation Act provided the only means of recovery. Plaintiffs appeal. We affirm.
 
 
 3
 Plaintiff John Richard Murray was a truck driver employed by Yellow Freight Company. On November 18, 1980, he delivered a load of pipe to defendant George E. Failing Company, a manufacturer of portable drilling equipment. Failing buys materials for its business which are brought to its premises by truck. It employed Yellow Freight to transport pipe to its plant in Enid, Oklahoma.
 
 
 4
 Plaintiff had delivered pipe to Failing before, R. 33. On the day of the accident and on his arrival at the Failing premises, he got in touch with the Failing foreman who instructed him what to do in the unloading of the truck. R. 35-36.
 
 
 5
 Plaintiff and defendant Delle Duffy, one of 12 forklift operators employed by Failing, R. 51, carried on the unloading process. In the course of the unloading, plaintiff claims that through the carelessness of Duffy, the forklift operator, pipe rolled off the load and against his legs, seriously injuring him. R. 2.
 
 
 6
 The Oklahoma Workers' Compensation Act provides, 85 Okl.St.Ann., Sec. 11(1):
 
 
 7
 "The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor or such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business."
 
 
 8
 The question is whether the plaintiff Murray was, at the time of the accident, engaged in the general employer's business. To determine this, Oklahoma has adopted the "necessary and integral" test. See W.P. Atkinson v. District Court, Okl., 516 P.2d 541, 544. Murphy v. Chickasha Mobile Homes, Inc., Okl., 611 P.2d 243, 244-245, said:
 
 
 9
 "Proper application of the test requires a two-step consideration: the task being performed by the worker, when injured, must be necessary and integral part of hirer's day-to-day business operations or one that is within the range of activities customarily carried out by one in the hirer's line of business. If the contractor, however independent he may be, is merely a medium through whom the hirer is pursuing the day-to-day activity of his own business, Sec. 11 status is created by operation of law and compensation liability attaches."
 
 
 10
 Plaintiff relies on the decision of the Oklahoma Court of Appeals in Floyd v. National Steel Company, Okl.App., 629 P.2d 1292, to sustain his position. In that case plaintiff, an employee of the National Steel Company, was injured when unloading steel which had been transported to National Steel by F-B Truck Line Company, an independent contractor. He stepped into a concealed hole in the trucking company's truck and broke his leg. He filed a workman's compensation claim, reserving his right to pursue third party action against National Steel and the trucking company. The lower court dismissed the case as to both defendants and the court of appeals reversed as to the trucking company. The facts in our case are different. In Floyd, the plaintiff was employed by the company to which the goods were being delivered by the trucking company. In our case, the plaintiff was employed by the trucking company and was injured by the negligence of an employee of the company to which the goods were shipped. The Court of Appeals in its application of the "necessary and integral" test held, supra, 629 P.2d at 1295, that the unloading activities "are simply not a part of the range of activities considered 'integral' to Service Centers' (the company to which the load was being delivered) business."
 
 
 11
 Plaintiff also cites Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475; Londagin v. McDuff, 207 Okl. 594, 251 P.2d 496; and Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203. These cases were decided before the Oklahoma Supreme Court adopted the "necessary and integral" test and need not be considered.
 
 
 12
 Sun Oil Company v. Martin, Okl., 541 P.2d 841, more closely approaches the facts in our case. Sun Oil had a refinery in Tulsa and needed to transport some of its oil to Muskogee. Although Sun had its own tank-trucks, it had a large volume of oil to be delivered and hired Hugh Breeding, Inc. to deliver it. White, an employee of Breeding, sustained injuries during loading operations at Tulsa, allegedly due to the negligence of an employee of Sun. Important to the court's reasoning in Sun was that it owned and operated its own fleet of trucks for delivering oil. Sun, supra, 541 P.2d at 843. The court held that the trucking company was performing an ordinary task for Sun. The task performed by the injured driver was a necessary and integral part of Sun's business. Sun was liable for workmen's compensation benefits and immune from suit in tort.
 
 
 13
 Newport v. Crane Service, Inc., Okl., 649 P.2d 765, is not pertinent. In that case, Newport, an employee of Oklahoma Steel Mill, was unable to repair a large electric motor and his employer contracted with Wilson Electric Motor Service. Wilson hired Crane Service, Inc., to remove the motor and transport it to Wilson's shop. While in the process of removing the motor, an employee of Crane enlisted the service of Newport to guide the crane hook onto the top of the motor. During this activity, the hook disengaged from the cable and fell, knocking Newport from the top of the motor and causing him severe injuries. Newport brought suit against both Wilson and Crane alleging the negligence of Crane's employee. The trial court held that Newport's right of action against the contractors was abrogated by the Workers' Compensation Act. The Supreme Court reversed. In so doing the Supreme Court said, Newport, supra, 649 P.2d at 767:
 
 
 14
 "A hirer who occupies the principal employer's status--within the meaning of Sec. 11--is primarily liable in compensation to his immediate employees and secondarily accountable to the employees of all his contractors through whom the day-to-day activities of the hirer's own business are being performed."
 
 
 15
 In applying the "necessary and integral" test of Murphy, supra, 611 P.2d 243, the district court noted that in Floyd, supra, 629 P.2d 1282, the Oklahoma court of appeals determined that the loading, transporting, or unloading of supplies was not an integral part of the steel business. It indicated that the service which the trucking company did for National Steel was performance of a contract that amounted to an isolated transaction rather than a delegation of a day-to-day duty. R. 56-57.
 
 
 16
 The district court noted the factual differences between the instant case and Floyd. Failing had 12 forklifts and employed 12 operators to load and unload cargo, including pipe. Failing owns and operates two tractor trailers used in the transportation of finished drill pipe. It was the practice between Failing and Yellow Freight that the truck drivers would assist the forklift operators with the unloading. The practice was known to both Murray, the truck driver, and Duffy, the forklifter employed by Failing. They had worked together on at least one other occasion before the incident which resulted in Murray's injuries. R. 57. The court noted that due to the understanding between Failing and the trucking company about the unloading process and the fact that Failing owned 12 forklifts for use in unloading, Sun Oil, supra, 541 P.2d 841, was controlling. It held that the unloading of pipe was a necessary and integral part of the business of Failing and that under 85 O.S.A. Secs. 11 and 12, the exclusive remedy was in the Workers' Compensation court. R. 59. It dismissed the case for lack of jurisdiction over the cause of action. We agree.
 
 
 17
 We note that the complaint alleges a cause of action because of the wife's loss of consortium. The appellant does not argue that this point makes any difference in the jurisdictional determination. Hence, the point is waived.
 
 
 18
 Affirmed.