Evert STACY, Appellant,

v.

BILL HODGES TRUCK COMPANY, INC., Appellee.

No. 68524.

Supreme Court of Oklahoma.

April 23, 1991.

Michael D. Parks, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, McAlester, for appellant.

James K. Secrest, II, Emily J. Crawford, Secrest & Hill, Tulsa, for appellee.

LAVENDER, Justice.

In the present case we are asked to interpret and apply revised 85 O.S.Supp.1984, § 12 to determine whether Appellant's ex-clusive remedy lies in worker's compensation or if a cause of action exists in district court. Because Appellee does not fall within the "vertical chain" of immunity as defined in section 12 of the workers' compensation statute, we find Appellant may bring suit in district court.

## FACTS

On December 17, 1982, Appellant Stacy, an employee of Maverick Drilling Company (Maverick) was injured while helping Appellee Bill Hodges Truck Company, (Hodges) in the "rigging up" (assembling) of a drilling rig owned by Maverick. Stacy filed and received workers' compensation benefits from Maverick and also filed suit alleging common-law negligence on behalf of Hodges and its employees and seeking additional damages.

At trial, Hodges moved for summary judgment claiming he had committed no actionable negligence and was protected from common-law liability because Stacy was injured while working on a "common task" and thus his exclusive remedy was workers' compensation. The trial court, not realizing the full import of amended section 12, granted summary judgment for Hodges on grounds that Stacy was a "loaned servant" of Hodges.[1]

The Court of Appeals reversed and remanded recognizing section 12 was dispositive of the issue. However, the opinion did not fully resolve the issues presented, nor was the court correct in remanding for a determination of Hodge's "de facto" employment status. After an exhaustive review of this case and relevant case law, we vacate the Court of Appeals' opinion and reverse the trial court's order. We direct the trial court to permit Appellant to pursue his common-law negligence claim.

## PART I

On March 26, 1982, the revisions to § 12 went into effect. The employee in the

---

1. Record, Hearing on Motion for Summary Judgment at 33.

case at bar was injured after this date and thus the revisions are dispositive. The relevant language of section 12(i) and (ii) reads as follows:

> The immunity created by the provisions of this section shall not extend to action by an employee ... against another employer, or its employees, on the same job as the injured or deceased worker *where such other employer does not stand in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker;*

> The immunity created by the provisions of this section shall not extend to action against another employer, or its employees, on the same job as the injured or deceased worker *even though such other employer may be considered as standing in the position of a special master of a loaned servant where such special master neither is the immediate employer of the injured or deceased worker nor stands in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker....*

(emphasis added).

Appellant maintained from the outset summary judgment was not warranted in that Hodges did not present evidence as would satisfy either 12(i) or (ii). Hodges

neither proved he stood in the position as the "intermediate or principal employer" *of Maverick,* nor that he was Appellant's "immediate employer" which in either case, would afford him immunity from common-law liability.

Moreover, Appellant argued Appellee's reliance on the "common task" test to protect him from common-law liability was misplaced because revised section 12 abrogated the "common task" test affirmed in *O'Baugh v. Drilling Well Control, Inc.*[2] Further, the revision abrogated the "loaned servant doctrine" to the extent described in § 12(ii)[3] and therefore, neither was Hodges afforded immunity under this rule of law.

In *Weber v. Armco, Inc.,*[4] we stated:

> 85 O.S.Supp.1982 § 12 ... *defines the extent of liability and immunity under the Workers' Compensation Act.* This section was amended on March 26, 1982, to allow an employee to sue another employer, or its employees, on the same job as the injured or deceased worker, where the other employer does not stand in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker.[5]

The legislature therefore, through this amendment, effectively eliminated "horizontal" immunity.[6] Because Hodges never argued in his motion for summary judg-

---

**2.** 609 P.2d 355 (Okla.1980); *see Newport v. Crane Service, Inc.,* 649 P.2d 765, 767 n. 6 (Okla. 1982), where the court stated:

> The task-related test of *O'Baugh,* supra note 3—used to determine whether several contractors of a single hirer were jointly responsible for the performance of some common task on the job site—was abrogated by the passage of H.B. 1707, effective March 26, 1982, Okla. Sess.L.1982, pgs. 89–90. [referring to revised section 12].

**3.** Section 12(ii) states the only way one can be a special master of a loaned servant so as to qualify for immunity from common-law suit is to either be the loaned servant's immediate employer (in which case one would have immunity) or the intermediate or principal employer to *the immediate employer. Noyce v. Ratliff Drilling Co.,* 790 P.2d 1129 (Okla.App.1989).

**4.** 663 P.2d 1221 (Okla.1983).

**5.** 663 P.2d at 1224 n. 2 (emphasis added).

**6.** In *O'Baugh,* we identified four classes of persons immune from common-law liability. Those classes were:

> [a] the worker's immediate employer;
> [b] all of the worker's co-employees under the immediate employer;
> [c] the 'immediate, intermediate and principal' hirers of the immediate employer, together with their employees, because under § 11 these entities are secondarily answerable in compensation for injury or death occurring in activities that are a necessary and integral part of the hirer's business;
> [d] independent contractors and their employees for acts or omissions in performing joint tasks under a contract with the same 'principal employer'.

(citations omitted).

ment that he fell within this "vertical chain" of immunity set out in section 12,[7] and since "horizontal" immunity no longer provides a shield from common-law liability, Stacy was correct in contending Hodges could be sued in district court. The trial court erred for having granted Appellee's motion for summary judgment.

Further, Appellee's claim of immunity under 85 O.S.1981, § 44 as providing for an alternative basis for immunity is likewise without merit. The relevant part of this section reads:

Claims against third persons

If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another *not in the same employ*, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, *or* to pursue his remedy against such other.

(citations omitted) (emphasis added).

Conversely, we have held where a worker was injured by another *in the same employ*, the injured worker's exclusive remedy was workers' compensation. However, it was the *O'Baugh* case and its "common task" test which affirmed the basis for

immunity under § 44.[8] As explained the amendment abrogated the "common task" test and with it such immunity as existed under § 44.

## PART II

■ The Court of Appeals remanded this case because they determined there was a factual question as to whether "one might also reasonably infer that Maverick and/or Appellant Stacy were 'de facto' employed by Appellee Hodges to erect the rig, thereby bringing Appellee within the status of an immediate, intermediate or principal employer, and thus rendering Hodges immune under § 12."[9] We disagree. First, Hodges did not argue this in his motion for summary judgment[10] and second, we hold the statute does not provide for such an interpretation.

We perceive the appellate court made such a determination given the language of the statute. Section 12(i) and (ii) states an employer who is not immune from common-law suit is an employer who "does not stand in the position of" the intermediate or principal employer to the *immediate employer* of the injured or deceased worker. We understand the "stand in the position of" language may be suggestive of such an interpretation. However, if this be true, any employer in the "horizontal

---

The result of the amendment was to eliminate class [d]'s immunity while leaving intact [a], [b] and [c]'s.

**7.** Rather Hodges argued the "common task" doctrine as a basis for summary judgment even though as stated in the earlier case of *Newport* this test was abrogated by the 1982 amendment. *See* Brief in Support of Motion to Dismiss/Motion for Summary Judgment, at 25–26. "In addition, it should be pointed out to this Court, that Bill Hodges Truck Company had been contacted to *aid Maverick Drilling in a common task* in setting up an oilfield project." (emphasis added).

Hodges contends, however, the holding of *Newport*, whose facts are similar to the present case, is still viable even after the amendment because *Newport* did not state the date on which the injured worker was hurt and so arguably the court considered section 12 as revised. However, in the first footnote of the opinion, the court states that all references in the text are to

the 1981 statute. Moreover, the court noted that if the loaned servant doctrine had been alleged, our decision may have been otherwise. As the 1982 amendment to section 12 abrogated the loaned servant doctrine to the extent described in *supra* note 2 of this opinion, the revised section 12 could not have been a basis for the *Newport* decision. *Newport,* 649 P.2d at 768.

**8.** 609 P.2d at 357. This test originated in *Thompson v. Kiester,* 141 Okla. 69, 283 P. 1018 (1930).

**9.** Stacy v. Hodges Truck Co., No. 68,525 at 6 (Ct.App., April 7, 1989).

**10.** Record, Brief in Support of Motion to Dismiss/Motion for Summary Judgment at 25–26. "Both the plaintiff, as well as the independent contracting defendant, were standing in the same shoes *as employees under the auspices of Maverick Drilling.*"

chain" of employment, such as in the present case, could bootstrap himself into "vertical" immunity by a determination that he was such a "de facto" employer. We do not find this was the legislature's intent, nor does it conform to prior case law.[11]

## PART III

■ The trial court's decision was based in part on a determination that apparently Hodges was secondarily liable in workers' compensation, and was therefore immune from common-law suit. However, the court's determination was incorrect in finding Hodges was secondarily liable. Those employers falling outside the "vertical chain" of immunity, as prescribed in section 11 of the Act and defined in section 12, i.e., who are *neither* the immediate employer of the injured worker, nor the intermediate or principal employer of the injured worker's employer, are not secondarily liable for workers' compensation. Neither, however, are they immune from common-law liability.[12]

## PART IV

Finally, Appellee raised as a matter of error that the Court of Appeals' considered evidence presented in Appellant's motion for new trial in reviewing the trial court's grant of summary judgment. This "new" evidence so presented was before the trial court when it granted summary judgment.[13] This argument is therefore, without merit.

For the reasons herein expressed, we VACATE the Court of Appeals' decision and REVERSE the trial court. The cause is REMANDED with directions to proceed in accordance with this opinion.

ALL JUSTICES CONCUR.

---

**11.** *Weber,* 663 P.2d 1221.

**12.** *Newport,* 649 P.2d at 767. This opinion does not affect the "necessary and integral" test set forth in *Bradley v. Clark,* 804 P.2d 425 (Okla.

1990) regarding a section 11 employer. *See supra* n. 6.

**13.** Record, Motion for New Trial at 6.