1998 OK 47

**Rodney PARSLEY, Plaintiff–Respondent,**

v.

**Bill RICKEY, Defendant-Petitioner.**

**No. 88173.**

Supreme Court of Oklahoma.

June 2, 1998.

Richard E. Butner, Butner & Butner, Wewoka, for Plaintiff–Respondent.

Leonard M. Logan, IV, Donna L. Smith, Logan & Logan, LLP, Vinita, for Defendant–Petitioner.

HARGRAVE, Justice.

¶ 1 We granted certiorari to review a certified interlocutory order from the district court of Seminole county, rendered after a non-jury trial in which the court found the defendant Bill Rickey liable to plaintiff for failure to provide workers' compensation insurance as "principal employer" under section 11 of the Workers' Compensation Act. The issue is whether the trial judge's order finding the defendant secondarily liable was supported by competent evidence. In short, we must determine whether the defendant Bill Rickey was the principal employer of either the injured worker or the independent contractor. Applying the test set out in *Bradley v. Clark*, 1990 OK 73, 804 P.2d 425, we find that there was no evidence that Mr. Rickey was the principal employer of either the independent contractor or the independent contractor's employee.

¶ 2 The facts are not disputed. The defendant Bill Rickey is engaged in the business of feeding and raising hogs for Tyson

.. 

Foods. Mr. Rickey hired Cody's Construction Company, an Arkansas entity, to build the hog barns to the specifications required by Tyson's. Cody's Construction Company had been engaged in several building projects on Tyson's behalf. The plaintiff, Rodney Parsley, worked for Cody's Construction Company and was injured on the barn-building project on Mr. Rickey's land. Cody's Construction Company did not have workers' compensation insurance, so the plaintiff sued Cody's and Cody's owners, Larry and Patsy Havins, in district court under 85 O.S.1991 § 12, which provides that if an employer has failed to secure the payment of compensation for an injured employee, the injured employee may maintain an action in the courts for damages on account of such injury. The plaintiff obtained default judgment against Patsy Havins on January 21, 1994 on the basis that, as the plaintiff's employer, she had failed to carry workers' compensation insurance covering him.

¶ 3 The plaintiff amended his petition on March 9, 1994, to add Bill Rickey as a defendant, alleging that Rickey, as the owner of the property upon which the other defendants had contracted to work, was required to have worker's compensation insurance on all employees of his contractor and sub-contractor and that he failed to do so. The plaintiff sought damages in excess of $100,000, plus attorney fees and costs. The plaintiff made no allegations of negligence on the part of Mr. Rickey.

¶ 4 The defendant Rickey answered, denying that the plaintiff was hired by him and denying that the plaintiff ever was an employee of his. Rickey denied that he was required by law to carry workers' compensation insurance because he had no employees on the date of the alleged injury, and further

alleged that he was exempt from the provisions of the workers' compensation act because he was in the agriculture business with a payroll of less than $100,000 annually. Rickey denied that he was required to carry workers' compensation insurance for the employees of contractors or subcontractors. Finally, Rickey alleged that plaintiff failed to allege facts sufficient to state a claim for which relief could be granted against him.

¶ 5 Defendant Rickey moved for summary judgment, arguing that he falls within the two exclusions of the workers' compensation act, found at 85 O.S.1991 § 2.1.3 and 85 O.S.Supp.1996 § 11(3).[1] He argued that because he is engaged in the operation of a hog farm with a gross annual payroll of less than $100,000, he falls under the agriculture exemption of § 2.1.3 and the farmer's exemption at § 11.3. It is undisputed that Rickey engaged in the business of hog raising and that he hired Cody's Construction Company to build four barns to house the hogs to Tyson's specifications. Rickey's affidavit stated that his gross annual payroll is less than $100,000.00 cash wages for agricultural employees and that he had no employees at the time of plaintiff's accident, and has at the present only one part-time employee. The trial court overruled the defendant's motion for summary judgment.

¶ 6 The parties agreed to first try the issue of liability to the trial judge. The grounds for recovery listed in the pretrial order were: 1) employer's failure to provide workers' compensation insurance under 85 O.S. § 11; 2) principal employer's failure to secure worker's compensation insurance for his contractors and sub-contractors under 85 O.S. § 11; and 3) Larry Havins is the alter ego of Cody's Construction Company. The

---

1. 85 O.S. § 2.1.3 provides:
   "... The Workers' Compensation Act shall not apply to the following employees:
   (3) Any person who is employed in agriculture or horticulture by an employer who had a gross annual payroll in the preceding calendar year of less than One Hundred Thousand Dollars ($100,000,00) cash wages for agricultural or horticultural workers."
   85 O.S. § 11(3) provides:
   "Where work is performed on a single family residential dwelling ... or for a farmer whose

cash payroll for wages, excluding supplies material and equipment, for the preceding calendar year did not exceed One Hundred Thousand Dollars ($100,000.00), such owner or farmer shall not be liable for compensation under the Workers' compensation Act. Such owner or farmer shall not be liable to the employee of any independent contractor or subcontractor, where applicable, or the farmer's own employee."

relief sought was for personal injury damages.

¶ 7 Subsequent to trial, Cody's Construction Co. and Larry Havins filed bankruptcy so the case proceeded only against the defendant Bill Rickey. The trial judge took the case under advisement and allowed the parties to file trial briefs. The trial judge found for the plaintiff against Bill Rickey based on the following findings:

a) That Cody's Construction Company, Inc., was an Arkansas corporation; that Rickey contracted with Cody's to build "Tyson hog barns" on his property. That the contract to build the Tyson hog barns was not agricultural in nature, but was in the nature of "construction."

b) The plaintiff was injured while employed by Cody's and while working on the defendant Rickey's hog barns. At the time of plaintiff's accident and resulting injuries, neither Cody's nor Rickey had workers' compensation insurance.

c) That the defendant Bill Rickey, as the principal contractor, is therefore liable to the plaintiff, Rodney Parsley for his injuries and damages.

¶ 8 The trial judge ruled that because the *contract* was one for construction rather than "agricultural in nature" the defendant Bill Rickey was not exempt from the act and that, as the principal contractor, he was liable for plaintiff's injuries and damages because of his failure to secure workers' compensation insurance. The trial judge appears to have assumed that Rickey was a "principal employer" under § 11, without making any specific finding. The trial judge certified his order for interlocutory review.

¶ 9 At the non-jury trial, Mr. Rickey testified that Tyson Foods made all of the hiring and managerial decisions over the barn construction project, and that the barns were built according to Tyson's specifications and requirements.

¶ 10 The basis for plaintiff's lawsuit in district court was that his employer had failed to provide worker's compensation coverage for him as required by the Worker's Compensation Act, which therefore entitled him to bring an action in district court to recover for his injuries. The plaintiff and the trial judge relied upon 85 O.S.Supp.1996 §§ 11, 12.

¶ 11 Title 85 O.S.Supp.1996 § 11(B) provides:

"B. *Liability* of any person, firm or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, *for compensation under the Workers' Compensation Act,* when other than the immediate employer of the injured employee, shall be as follows:

2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears in such proceeding that the principal employer has failed to require a compliance with the Workers' Compensation Act of this state, by his or their independent contractor, then such employee may proceed against such principal employer without regard to liability of any independent, intermediate or other contractor; ... *Provided further, such principal employer shall not be liable for injuries of any independent contractor of the employer or of any subcontractor of the independent contractor unless an employer-employee relationship is found to exist by the Workers' Compensation Court despite the filing of a Certificate of Non–Coverage ...*" (emphasis added)

¶ 12 So, in summary, if the *principal employer* has failed to require compliance with the Workers' Compensation Act of this state by his independent contractor, an employee may proceed against the principal employer under the Workers' Compensation Act without regard to liability of any independent, intermediate or other contractor, but the principal employer will not be liable for injuries of any independent contractor of the employer or of any subcontractor of the independent contractor *unless an employer-employee relationship is found to exist by the Workers' Compensation Court.*

¶ 13 Title 85 O.S.1991 § 12, under which the present action was brought, provides that

if an employer has failed to secure the payment of compensation for his injured employee as provided for in the act, an injured employee may "maintain an action in the courts for damages on account of such injury, and in such action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee." Paragraph (i), however, limits the immediately preceding paragraph.

¶ 14   85 O.S.1991 § 12(i) provides:

"The immunity created by the provisions of this section shall not extend to action by an employee . . . against another employer . . . on the same job as the injured or deceased worker *where such other employer does not stand in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker.*"   (emphasis added)

■ ¶ 15   To reiterate, before an action can be brought pursuant to § 12, it must be determined that the hirer stands in the position of principal employer under the Workers' Compensation Act.   Because we find that under the facts presented in this case, Mr. Rickey was not the principal employer of either Cody's Construction Company or Mr. Parsley, we need not determine whether the agricultural exemption applied.

¶ 16   We recently enunciated the test for determining § 11 "principal employer" status in *Bradley v. Clark,* 1990 OK 73, 804 P.2d 425.   There we adopted the "necessary and integral" test for determining whether a hirer of an independent contractor would fall under the exclusivity provisions of the Act. The issue in *Bradley v. Clark,* a common-law tort action brought in district court, was whether the trial judge erred in finding that the workers' compensation act was not the exclusive remedy for an injured worker who was the immediate employee of a well-servicing company hired to "kill" a well.   The injured plaintiff sued the operator of the well for damages.   The defendants raised the exclusivity of the workers' compensation act as a defense.   We said that the hirer of an independent contractor is protected by the worker's compensation act's immunity provisions only if the hirer is found to be the workers' "principal employer" under 85 O.S. § 11.   We found that killing a well was not a part of the operator's trade, business or occupation and that therefore the operator was not secondarily liable under the Workers' Compensation Act.

¶ 17   In *Bradley v. Clark,* we applied the "necessary and integral" test for determining a hirer's status as a § 11 employer and said that if the contract work is specialized, it is not, as a matter of law, a part of the hirer's trade or business.   If it is determined that the contract work is non-specialized, then the inquiry shifts to a comparison of the hirer's trade or business and the contract work to see if the latter can be considered part of the hirer's trade or business.   That is, we look to whether the principal hirer was engaged, at the time of the injury, in the trade or occupation of the hired contractor.   If the task performed by the independent contractor is beyond the skill, training, expertise or capability of the hirer's employees, it must be regarded as beyond the scope of the hirer's regular maintenance activities.

■ ¶ 18   In the instant case, even if we were to determine that the work of building hog barns was not specialized, there was no evidence upon which to find that building barns was part of Mr. Rickey's trade or occupation.   The facts are undisputed: Mr. Rickey bought land on which to raise hogs for Tyson foods and his business was raising hogs, not constructing buildings.   We have reviewed the record in the instant case and we are compelled to find that Mr. Rickey was not the principal employer of his independent contractor, nor of the independent contractor's employee.   Defendant was not engaged in the construction business, nor did he have any employees engaged in the construction business; in fact, Mr. Rickey testified that he had no employees at all.   We find that there was no competent evidence on which the trial court could find that Mr. Rickey was the principal employer of Mr. Parsley or of Cody's Construction Company.   Whether an employment relationship exists for workers' compensation purposes is subject to indepen-

dent review by this Court. *Coleman v. J.C. Penney Co.*, 1993 OK 21, 848 P.2d 1158.

¶ 19 We said in *Stacy v. Bill Hodges Truck Co., Inc.*, 1991 OK 40, ¶ 11, 809 P.2d 1313, 1317, that "those employers falling outside the 'vertical chain' of immunity, as prescribed in section 11 of the Act and defined in section 12, i.e., those who are *neither* the immediate employer of the injured worker, *nor* the intermediate or principal employer of the injured worker's employer, are not secondarily liable for workers' compensation. Neither, however, are they immune from common law liability."

¶ 20 The trial judge determined that the defendant was liable *under the Workers' Compensation Act,* not under common law liability. We find that defendant Bill Rickey is not subject to the workers' compensation act as a § 11 principal employer. Thus, it was error for the trial judge to enter judgment against the defendant under the workers' compensation act for failure to provide workers' compensation insurance. Plaintiff's claim, if any, in district court is simply a common law tort action against one who is not his employer. Title 85 O.S. § 44 provides that an employee may pursue a common law tort action against third parties who are not considered to be employers under Title 85 O.S. §§ 11, 12. Accordingly, we reverse the trial court's judgment finding defendant Bill Rickey liable to plaintiff as a principal employer under the workers' compensation act, and remand to the district court with directions to enter judgment for Mr. Rickey on the alleged liability under 85 O.S. § 11. The stay entered by this Court by order of January 13, 1997 is dissolved.

**REVERSED AND REMANDED WITH DIRECTIONS.**

¶ 21 KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, OPALA, ALMA WILSON, JJ., concur.

¶ 22 WATT, J., concurs in result.

